JUDGE GOFER
delivered the opinion of the court.
This was an action brought by the appellant against the appellee for slander, in charging him with having committed the crime of peijury in testifying as a witness in court.
The appellee admitted that he had spoken the words charged in the petition, and averred that they were true.
Verdict and judgment having been rendered against the *52 appellant, he prosecutes this appeal, and complains that the court erred to his prejudice in giving and refusing instructions to the jury.
The materiality of that part of the plaintiff’s testimony charged to have been false was admitted, and the court instructed the jury, in effect, that if they believed, from the evidence, that the testimony of the plaintiff was false, they should find for the defendant, and refused to instruct them that they should find for the plaintiff, unless they believed the evidence before them was sufficient to convict him of the crime of perjury.
Leaving out of view, for the present, the question whether or not the instruction given was erroneous because it authorized the jury to find for the defendant if there was a preponderance of evidence in support of the plea of justification, the instruction was clearly erroneous upon another ground. It authorized the jury to find for the defendant if they should find, from the evidence, that the testimony in which it was charged that the plaintiff had committed perjury was false. There can be no perjury without a corrupt motive; and although such motive may be inferred from a willful false statement, such inference is one of fact, which a jury may or may not make, and the court had no right to assume that they would make it, or to make it for them, by instructing that if his testimony was false the defense was established, and they should find for the defendant.
The instruction refused is objectionable upon several grounds. It would have left the jury to decide not only what constituted perjury, but also what evidence was sufficient to convict of that crime.
Whether the court erred in instructing as it did, in effect, that the jury should find for the defendant if there was a preponderance of evidence in support of the plea, is a question by no means free from difficulty.
*53 There can be no doubt but the rule in England is, and has been from an early period in the history of the common law, that to support a plea of justification in an action for slander or libel, where crime is imputed, the same evidence must be adduced as would be necessary to convict the plaintiff upon an indictment for the crime imputed to him.
This doctrine is recognized as correct by Mr. Greenleaf (2 Ev. 426), Mr. Townshend (Townshend on Slander and Libel, 2d ed., 644), and by Mr. Hilliard (Hilliard on Torts), and is supported by the decisions of a majority of American courts of last resort. The question, however, is an open one in this state, and we feel at liberty to decide it upon what seems to us to be the philosophy and reason of the subject.
It seems to have been a rule of English criminal law that when a defendant justified words which amounted to a charge of felony, and obtained a verdict in his favor upon the plea of justification, the plaintiff might be put upon trial for the imputed felony without the indictment of a grand jury. (Cook v. Field, 3 Exch. 133.)
Under such a rule the consequences to the plaintiff were in some sense penal; and it is probable that the rule requiring a plea of justification to be sustained by the same evidence that would have been necessary to establish the guilt of the plaintiff in a prosecution for the imputed crime, had its origin in this rule of the criminal law.
But whatever may have given rise to the doctrine, it is an '• exception to a well established general rule that in civil actions the jury are to weigh the evidence, and find for him in whose favor the scale preponderates. Exceptions to general rules of / law are common, and when founded in reason should be sustained; but they ought tnot to be multiplied without satisfactory reasons, and those exceptions already recognized should be swept away unless some reason can be discovered for maintaining them.
*54 The only reason we have seen or heard urged in support of this exception to the general rule is, that the plea of justification imputes to the plaintiff the commission of a crime, and a verdict against him on such an issue virtually convicts him of that crime. This is certainly true so far as the character of the plaintiff is concerned; but does it follow from this conceded consequence of the verdict that the rule is a reasonable \ and just one?
' If, ¡after giving proper weight to the legal presumption of innocence, the jury believe, from all the evidence before them, that the wiords spoken were true, does reason or justice demand, because of the consequences to the plaintiff of an adverse finding, that the defendant shall be mulcted in damages for speaking that which he was justified in believing, and which, s^upon all the evidence, the jury believe was true ?
/ In other words, ought the verdict to be controlled by the consequences which are to flow from it, rather than by the evi- \ dence offered to the jury as the basis of their finding?
If the rule contended for is warranted by the fact, that a verdict for the defendant on a plea of justification is a virtual conviction of the plaintiff of the imputed crime, then, a fortiori, in an action for libel, in charging the plaintiff with having committed an offense, there should be a verdict for the defendant upon a j>lea of not guilty, unless the plaintiff proves the publication beyond a reasonable doubt, for in that case a verdict for the plaintiff would be a virtual conviction of the defendant of the offense of publishing a libel.
The civil remedy of one injured by the commission of a felony is no longer merged in the offense against the public. Many actions of tort in substance and effect charge the defendant with the commission of a, crime, and can only be ntaintained upon proof of his guilt, yet we do not know of any case of the kind in which it has been held that the plaintiff must produce to the jury evidence which would be suf *55 ficient to convict the defendant if on trial for the alleged crime.
Under our statute the widow and minor children of one killed by the malicious use of certain arms, or in a duel, may maintain an action against the person who does the killing. An action under this statute is a direct charge against the defendant of the crime of murder. It will not be pretended that in such a case the evidence for the plaintiff to overcome a denial of the facts alleged in the petition must be such as would warrant a jury in finding the defendant guilty of the crime of murder.
It is a maxim of law as well as of equity that, other things being equal, the condition of the defendant is best. Yet the rule requiring a plea of justification in slander to be proved beyond a reasonable doubt reverses this maxim, and makes the condition of the plaintiff the more favorable.
When the plaintiff claims that the defendant has committed a crime, whereby he has suffered a civil injury, he may recover, and thereby virtually fix upon the defendant guilt of the alleged crime upon a mere preponderance of evidence; but when a defendant seeks to shield himself against a claim for damages for an alleged injury to the plaintiff, by showing that the plaintiff has committed a crime, he is required to manifest the plaintiff’s guilt beyond a reasonable doubt. Such a doctrine, so far from being sustained by reasons demanding that it should be made an exception to the general rule that issues in civil causes are to be decided upon a preponderance of evidence, is unreasonable and unjust; and so it has been held to be by several courts whose opinions are entitled to great respect.
It has been held in a number of cases by the courts of other states, and once by this court, that where in an action on a fire insurance policy the defense is that the property insured was burned by the felonious act of the assured, a verdict may be *56 found against him, whereby he is virtually found guilty of a felony, upon a bare preponderance of evidence. (Wightman v. Western Marine and Fire Ins. Co., 8 Rob. La. 442; Hoffman v. Western Empire Ins. Co., 1 La. Ann. 216; Schmidt v. N. Y. U. F. Ins. Co., 1 Gray, 529; Washington Union Ins. Co. v. Wilson, 7 Wis. 169; Ætna Ins. Co. v. Johnson, &c., 11 Bush, 587.)
In Kincade v. Bradshaw (3 Hawks, N. C. 63) the court held that “ it could not be a correct rule that a jury should require the same strength of evidence to find a fact controverted in a civil case which they would require to find a man guilty of a crime.” That was an action of slander, and the court reversed the judgment on the ground that the court below erred in charging the jury that the evidence, to warrant a verdict for the defendant, must be sufficient to convict the plaintiff, if on trial for peijury, the crime imputed in the alleged defamatory charge, and in the plea of justification.
Barfield v. Britt (2 Jones L. 41) was an action of slander for accusing the plaintiff of the crime of murder, and the refusal of the court to give an instruction, that to sustain a plea of justification it was necessary that (he jury should have the same cogency of proof they would require in case the plaintiff was on trial for his life, was sustained.
Ellis v. Buzzell (60 Maine, 209) was an action for slandering the plaintiff by charging him with adultery. The defendant justified, and the Supreme Court held that he was entitled to a verdict upon a preponderance of evidence.
The same doctrine was held in Matthews v. Huntley (9 N. H. 150) and in Folsom v. Brown (5 Foster, 122).
Some of the cases intimate that actions in which the alleged slander consists in charging the plaintiff with peijury stand upon peculiar ground, because of the rule that in order to convict of that crime there must be two witnesses, or one witness and corroborating circumstances, to prove the falsity of the *57 plaintiff’s testimony. But we perceive no ground for sucli a distinction.
The plaintiff is now a competent witness, and may come before the jury and testify as to the truth of his former statement, and is thus enabled to present himself fairly before them; and he should have no recovery if, on all the evidence, the jury believe his former testimony was willfully and corruptly false, for in that case the defendant has, in estimation of law, done him no injury.
We are therefore of the opinion that the court did not err in instructing the jury to find for the defendant if they should find that the justification was sustained by a preponderance of evidence. But for the errors indicated in the first part of this opinion the judgment is reversed, and the cause is remanded for a new trial upon principles not inconsistent with this opinion.