Okey, J.
In Baker v. Beckwith, 29 Ohio St. 314, it was held that in order to recover in a civil action, under the ■seventh section of the liquor law, it is necessary to aver in the petition, and prove on the trial, facts showing that the sales were made in contravention of the penal provisions •of that statute. The pleader in this case has substantially complied with that requirement. But in Fuller v. The State, 12 Ohio St. 433, it was held that in a prosecution under the first section of that act, the crime must be proved beyond a reasonable doubt. The question here is whether the same rule applies in the civil action.
The penal part of the act, it has been truly said, “ be *154 longs to that class of legislative acts commonly called) 6 police laws/ and is framed with a view to regulate and not destroy. It seeks to do by constitutional means, what the assembly is expressly authorized to do, provide against the evils resulting from the traffic in intoxicating liquors. One of the greatest of these evils is the congregation of idle and dissolute persons at places where liquors are sold and drunk; hence the sale of liquor to be drunk at the place where sold is prohibited.” Miller v. The State, 3 Ohio St. 475-486, Thurman, O. J. This misdemeanor was not an offense at common law, but is malum prohibitum. However serious and deplorable the offense may be regarded, it does not, strictly speaking, belong to that class which involves great moral turpitude; and, although the learned judge’s charge seems to be warranted, aud was doubtless induced by general expressions in Lexington Ins. Co. v. Paver, 16 Ohio, 324, and Strader v. Mullane, 17 Ohio St., 624, no authority can be found for saying an offense of such a grade, when put in issue in a civil case, must be proved beyond a reasonable doubt; nor have I been able to find in the numerous cases on the subject, an intimation from the court that such a rule has been applied in any analogous case. The civil cases in which that rule has been applied, all involved enormous or at least odious crimes, such as murder, arson, robbery, perjury, and larceny, which, if proved, would exclude the perpetrator from society.
The fact that exemplary damages might be recovered in this case (Schneider v. Hosier, 21 Ohio St. 98), is”of no importance, for that may be done in any action for a tort which involves the ingredient of fraud, malice, or insult. Roberts v. Mason, 10 Ohio St. 277. This action for damages is purely statutory. There is, indeed, no such thing as a civil action for a crime as such. It was entirely competent for the legislature to afford the wife a remedy for injuries thus indirectly caused by a seller of liquor, without making the act of selling a crime. If that had been done, the suggestion that in the civil action the sales must be proved be *155 yond a reasonable doubt, would never have been made. But the fact that the seller may be subjected to a criminal prosecution should in no respect affect the degree of proof in the civil action; for the record in the civil case— between different parties — would be inadmissible in the criminal prosecution, which must stand, if at all, on its own merits. Hall v. Barnes, 82 Ill. 228, was the same kind of an action, and the court held, as we do\iere, that the sales need not be proved beyond a reasonable doubt.
Originally, no doubt, civil and criminal cases were alike determined by a preponderance of evidence; but as men became more enlightened, regard for life and liberty increased, and this naturally led to an exception to the rule, or rather to the introduction of another rule, that in criminal cases the accused should not be convicted if there was reasonable doubt as to his guilt. When this rule of the criminal law was first applied to a civil case is involved in some uncertainty, but it has been said that it was so applied by reason of still another rule of the criminal law— never applicable here — that where, in an action of slander or the like, a defendant justified words which amounted to a charge of felony, and proved the justification, the plaintiff might be placed on trial upon that record, without the intervention of a grand jury. Johnson v. Browning, 6 Mod. 217; Cook v. Field, 3 Esp. 80. However that may be, the rule has been applied in many cases, chiefly actions for slander and actions on. policies of insurance, where the issue was directly made in the pleading that one of the parties had committed a high crime; and in Lexington Ins. Co. v. Paver, supra, it seems to have been held by this court that if, in an action on a policy of insurance to recover for a loss, the company allege the fraudulent destruction of the property by the accused, the defense will fail unless the allegation is proved beyond a reasonable doubt. But this court has indicated a purpose in Strader v. Mullane, supra, and Jones v. Greaves, 26 Ohio St. 2, not to extend the doctrine of Lexington Ins. Co. v. Paver; and it is said by some able writers that the tendency of the modern de *156 ■cisions is to exclude such rule from all civil cases. 2 Wharf. Ev. § 1246; 10 Am. L. Rev. 642; 2 Greenleaf’s Ev. (13 ed.), §§ 408, 426, notes; Bigelow on Fraud, 475. And see Sloan v. Gilbert, 12 Bush, 51; Ellis v. Buzzell, 60 Maine, 209 ; Decker v. Somerset, etc., Ins. Co., 66 Maine, 406. On the other hand, that such rule of the criminal law is still applicable to certain civil cases is maintained in Barton v. Thompson, 46 Iowa, 30 (1877), and the well-considered case of Kane v. The Hibernia Ins. Co., 39 N. J. (L.), 697 (1877). And see Townshend on Slander, § 404; Wood on Ins. § 101. Because of this conflict in the authorities, and in view of the decision of this court in Lexington Ins. Co. v. Paver, we prefer to express no opinion as to the rule in an action of libel or slander where a justification is pleaded, or an action on a policy of insurance, where a ■criminal destruction of the property by the assured is relied on as a defense, until a case is presented which will directly call for such opinion.
We usually meet, in connection with the claim that all civil cases must be determined by a preponderance of evidence, the admission that if the issue in a civil action involves a crime, the accused is entitled to the presumption of innocence. 2 Whart. Ev. § 1246. In Decker v. Somerset Ins. Co., supra, it was said : “ It can never be improper to call the attention of the jury to the character of the issue, and to remind them that more evidence should be required to establish grave charges than to establish trifling or in■different ones. Such an instruction does not vitiate the rule that in civil suits a preponderance of evidence is all that is required to maintain the affirmative of the issue; for, as already stated, to create a preponderance of evidence, it must be sufficient to overcome the opposing presumptions as well as the opposing evidence.”
We are all of opinion the judgment of the district court and court of common pleas must be reversed, and the cause remanded for a new trial.

Judgment reversed.