THE ATLANTA JOURNAL *v.* MAYSON.

The code, §3749, declares that "in all civil cases the preponderance of testimony is considered sufficient to produce mental conviction." This phraseology includes actions for libel in which a plea of justification presents the issue to be tried, although such plea imputes to the plaintiff the commission of a crime as charged in the publication alleged to be libelous. In order to sustain the plea it is requisite that the jury shall have a mental conviction of its truth, but they need not be convinced beyond a reasonable doubt, as this phrase is commonly understood in criminal procedure. This question was not directly presented in *Ransone* v. *Christian*, 56 *Ga.* 351, nor was it directly decided in *Williams* v. *Gunnels*, 66 *Ga.* 521.

October 30, 1893. LUMPKIN, J., heard the argument, but being disqualified by relationship to one of the stockholders in the corporation sued, took no part in the decision.

Action for damages. Before Judge WESTMORELAND. City court of Atlanta. March term, 1893.

ELLIS & GRAY and W. P. ANDREWS, for plaintiff in error. MAYSON & HILL, *contra.*

SIMMONS, Justice.

This was action for libel, the alleged libelous matter consisting of publications in the defendant's newspaper charging the plaintiff with the crime of forgery. The defendant admitted the publications and pleaded justification. There was a verdict for the plaintiff, of $1,000. The main question before us is, whether or not the trial court erred in charging, that "the burden is on the defendant to sustain the plea of justification by the same degree of evidence that would be required to convict

the plaintiff if he were charged with a crime; that is to say, beyond a reasonable doubt." We think this was error. In order to sustain the plea of justification, it is requisite that the jury shall have a mental conviction of its truth, but they need not be convinced beyond a reasonable doubt, as this phrase is commonly understood in criminal procedure. In respect to the degree of mental conviction required, our code places all civil cases upon the same footing. Section 3749 declares: "In *all* civil cases the preponderance of testimony is considered sufficient to produce mental conviction. In criminal cases a greater strength of mental conviction is held necessary to justify a verdict of guilty." The decisions by this court in civil cases, in which it is said that the proof on certain points must be such as to satisfy the jury beyond a reasonable doubt, are explained in the case of *Schnell* v. *Toomer*, 56 *Ga.* 168, as meaning simply that the jury must be clearly satisfied. In that case Judge BLECKLEY says : " In regard to the evidence of adverse possession, etc., the court was requested to charge the jury, as laid down in 30 *Georgia Reports*, 619, that the plea of the statute must be supported by proof so conclusive as to exclude reasonable doubt. The court declined so to charge, but seems to have given what we think is the true meaning of the cases on the subject, namely, that it is only necessary for the proof to clearly satisfy the minds of the jury of the truth of the plea. In civil cases, as in 11 *Georgia Reports*, 160, 30 *Ibid.* 619, and 17 *Ibid.* 559, the exclusion of reasonable doubt means that and no more: Code, §3749 ; and as 'reasonable doubt' is a phrase more appropriate to criminal cases, its employment to instruct the jury in civil cases had best be avoided. There is certainly a difference in the strength of conviction required by the law in the two classes of cases; and that being so, it is desirable not to confound in language what should be distinguished in

thought." Moreover, the cases referred to were decided prior to the adoption of the code. It was contended, however, that cases in which there is a plea charging the plaintiff with a crime stand upon a different footing in this respect from other civil cases; and in support of this view the cases of *Ransone* v. *Christian*, 56 *Ga.* 352, and *Williams* v. *Gunnels*, 66 *Ga.* 521, are cited. In *Williams* v. *Gunnels*, one of the exceptions was that the trial court refused a request to charge that, to support a plea of justification, it requires the same degree of evidence as would be required to convict the plaintiff if he were charged with a criminal offence; but as it appeared from the judge's certificate that this request was not in writing, and no error being assigned on the charge given on this point, the court declined to consider it, and simply " suggest " that the rule as embodied in the request is " *seemingly* recognized " in *Ransone* v. *Christian*, *supra.* Upon looking to *Ransone* v. *Christian*, we find that nothing is said as to the degree of mental conviction the jury must have to authorize a verdict in favor of the plea. In that case there was a plea of justification of a libel charging perjury, and the question was whether it was error to instruct the jury that where but one witness testifies to the truth of the charge, the corroborating circumstances must be sufficient to amount to another witness or to support the one witness to that extent. It was held that this instruction required too much, and that it is enough if the circumstances corroborate the one witness to the satisfaction of the jury. It was not held that the jury must be satisfied beyond a reasonble doubt. So it will be seen that these cases do not decide the question now before us.

In some of the decisions elsewhere, the distinction is made that while it is necessary to support the plea with such proof as would be sufficient to convict the plaintiff on an indictment for the offence, yet it is not necessary,

as in a criminal prosecution, that it should be of that degree of certainty requisite to remove all reasonable doubt from the minds of the jury. See Newell, Defamation, Slander and Libel, p. 795 (1890). In Ellis v. Buzzell, 60 Me. 209, 11 Am. Rep. 204, the court, in holding that the proof need not be such as to exclude reasonable doubt, say: "It is worthy of remark that, with a very few unimportant exceptions, the cases in which it has been held that to sustain a plea of justification the defendant in an action of slander must adduce such proof as would suffice for the conviction of the plaintiff upon an indictment, have been cases in which the words used imputed perjury to the plaintiff, and in most of them the matter more directly under consideration has been the propriety of regarding the plaintiff's testimony, upon the occasion referred to, as evidence in the case, to be overcome by the production of more than one witness to prove its falsity—the necessity of showing that his testimony was false in intent as well as in fact—its materiality or some point affecting the truth of the charge, and not the necessity of proving the commission of the crime beyond a reasonable doubt. We have no occasion to question those decisions so far as they enforce the necessity of proving all the elements necessary to constitute the crime charged, by an amount of evidence sufficient to overbalance the plaintiff's side of the case. It may be, and probably is true, that the compendious phrase, 'sufficient to convict the plaintiff upon an indictment,' has had reference more frequently to matters which it was necessary to establish than to the degree of assurance upon which the jury should act." See also the note of Judge Redfield to this case in 12 Am. Law Reg. 431. In 2 Greenleaf on Evidence, §426, after stating that "to support a special plea in justification, where crime is imputed, the same evidence must be adduced as would be necessary to convict the

plaintiff upon an indictment for the crime imputed to him," the author adds, "and it is conceived that he would be entitled to the benefit of any reasonable doubt of his guilt, in the minds of the jury, in the same manner as in a criminal trial." But in recent editions of this work it is said, in a note to the paragraph quoted, that while " the evidence to support this justification must include all the elements necessary to prove the accused guilty of the crime in a prosecution therefor, *e. g.*, both the intent and the criminal act,  .  .  it seems to be the established rule now, that a preponderance of the evidence tending to convict him of the crime is enough, and that the statement in the text, that he is entitled to a reasonable doubt, is not well supported." It is by no means certain that Chalmers *v.* Shackell, 6 Car. & P. 475 (1834), the English case cited on this point by the author, is authority even in England for the rule that in such cases the crime charged in the plea must be proved beyond a reasonable doubt. See 10 American Law Review, 642, where the cases cited by Mr. Greenleaf are reviewed at some length. At any rate we believe we are safe in saying that no such rule was laid down in any of the English cases prior to the time of our adopting statute. If, however, such was the rule in England, the reason upon which it has been supposed to rest does not exist with us. On this subject we quote from Newell on Defamation, Slander and Libel, p. 795, as follows: " In England there was a substantial reason for requiring a more conclusive degree of certainty of the truth of the charge in a civil action for defamation, which does not apply in this country. There, if the plea of justification, where a felony had been charged, was sustained by the verdict of a jury, the verdict stood as an indictment. Lord Kenyon said: ' Where the defendant justifies words which amount to a charge of felony, and proves his justification, the

plaintiff might have been put upon his trial by that verdict without the intervention of a grand jury.' In the United States no such result follows, and the reason for the rule ceases to exist. Neither life nor liberty is in any degree imperiled by such a verdict. No other consequences follow it than follow a verdict in any other civil cause. It does not take the place of an indictment. If the truth of the words published is, by a preponderance of evidence, proved to the satisfaction of the jury, the plea is sustained. The adoption of this rule does not change or modify the presumption of innocence which the law raises in favor of the plaintiff; nor does it waive the necessity of proving every element that enters into the crime charged, by evidence of a kind and quantity that, in the minds of the jury, overthrows the case made by the plaintiff." In Wharton on Evidence (vol. 2, §1246), it is said: "The doctrine that reasonable doubt should produce an acquittal sprang from the hardship of a system which inflicted capital punishment on all felonies; and is in any view defensible only on the ground that where penal judgments are to be inflicted, and where the State with all its power prosecutes, there proof of guilt should be strong. . . The better view is, that in civil issues the result should follow the preponderance of evidence, even though the result imputes crime." Judge Cooley, in his work on Torts (2d ed.), p. 208, says: "Where the charge complained of imputes to the plaintiff criminal conduct, and the truth is relied upon as a justification, it is sufficient to support the plea by a preponderance of evidence; it is not necessary that the crime be made out beyond a reasonable doubt."

Of the cases cited as opposed to this view, Polston v. See, 54 Mo. 291, was expressly overruled in Edwards v. Knapp, 97 Mo. 432 (1888); and Fountain v. West, 23 Iowa, 9, and other cases to the same effect, were over-

ruled in Riley *v.* Norton, 65 Iowa, 306. Several Indiana cases, cited by counsel for the defendant in error, lay down the rule as given in charge by the court below in this case, but the rule thus laid down is disapproved in the recent case of Fowler *v.* Wallace (1892), 31 N. E. Rep. 53, 131 Ind. 347, though a majority of the court hold that they are required to follow those cases. They say : " We are satisfied that the rule grew out of a misconception of principle, and if we were not compelled by duty, we should decline to give it our adherence." "It is with reluctance and regret that we yield to the decisions upon this point." A minority of the judges dissented upon the ground that it was the duty of the court to correct the error and apply the rule regarded as the proper one ; and it was also maintained that the prior decisions referred to had already in effect been overruled in Insurance Co. *v.* Jachnichen, 110 Ind. 59, and in other cases. The case last cited was an action upon an insurance policy, in which the defence was that the plaintiff had wilfully set fire to the premises insured in order to defraud the defendant ; and the court held that to establish this defence, a preponderance of evidence was sufficient, and an instruction that its truth must be established beyond a reasonable doubt was erroneous. The decisions to this effect in cases of the same class are numerous (see May on Insurance, §583 and note); and in our opinion there is no substantial reason for the distinction which some of the courts have made between those cases and libel or slander cases, in respect to the strength of mental conviction required to authorize a verdict sustaining the charge contained in the plea. Whether the charge is made in an action of the one kind or the other, the injury to the reputation, if the charge is sustained, must in either case be the same. And undoubtedly the decided weight of authority is opposed to such a distinction. In addition to the

authorities already cited, which hold that in this respect no exception exists in libel or slander cases to the general rule in civil actions, see: Peoples v. Evening News Association, 51 Mich. 11; Spruill v. Cooper, 16 Ala. 791; Bell v. McGinness, 40 Ohio St. 204, 20 Am. Rep. 673; Sloan v. Gilbert, 12 Bush (Ky.), 51; Downing v. Brown, 3 Colo. 571; Kidd v. Fleek, 47 Wisc. 442; Barfield v. Britt, 2 Jones Law (N. C.), 41, 62 Am. Dec. 190; Kincaid v. Bradshaw, 3 Haw. (N. C.) 63; McBee v. Fulton, 47 Md. 403, 28 Am. Rep. 477; Currier v. Richardson, 22 Atl. Rep. 625, 63 Vt. 617; Folsom v. Brown, 25 N. H. 114; Baker v. Kansas City Times (U. S. Circ. Ct.), 18 Am. Law. Reg. (N. S.) 101.

*Judgment reversed.*