## COWART *v.* STRICKLAND.

1. Where in an ejectment case the plaintiff recovers a verdict for the premises with mesne profits, the trial judge may grant a new trial on the issue of mesne profits alone for errors of law, or if he dis-

approves the verdict on that issue, and, the judgment being divisible, refuse a new trial on the issue of title, if that issue was adjudicated without error of law and if the trial judge approves the verdict.

2. Where a witness is voluntarily called by a party and examined, even though to a formal point only, the court can not restrict the right of cross-examination of the witness to the formal point upon which the party has examined him, but the opposite party has the right to cross-examine the witness as to all points in the case.

(*a*) Nevertheless, where the trial judge requires a party to call a witness on whom the party has caused a subpœna duces tecum to be served, and at the time announces that the examination will be restricted to the sole question of the witness's ability to produce the original document called for by the subpœna, and the examination is limited to that question alone, it is not error to refuse to allow the opposite party to cross-examine the witness generally on the merits of the case.

(*b*) Nor is it error requiring a new trial to permit the witness to be examined, in the presence of the court but in the absence of the jury, on the sole question of his ability to produce the original of the document described in the subpœna.

3. Where on the trial of an ejectment case a deed is attacked as a forgery, the burden is on the party asserting the affirmative of the issue to establish his contention by a preponderance of the testimony. He is not required to prove the forgery of the deed beyond a reasonable doubt.

4. In the absence of a request, the failure of the judge on the trial of an ejectment case to give in charge to the jury the rule of circumstantial evidence as applicable to civil cases is not cause for new trial, even though the evidence upon a single and controlling issue is entirely circumstantial.

5. The evidence authorized the verdict, and none of the assignments of error show cause for reversal of the judgment to which exception is taken in the main bill of exceptions.

6. The judgment granting a new trial on the issue of mesne profits alone, assigned as error in the cross-bill of exceptions, is within the rule that the first grant of a new trial will not be disturbed unless the evidence demands the verdict rendered.

Nos. 1236, 1238. SEPTEMBER 27, 1919. REHEARING DENIED OCTOBER 1, 1919.

Ejectment. Before Judge Harrell. Calhoun superior court. October 21, 1918.

Miss Eunice Price (now Mrs. Eunice Price Strickland) brought an action of ejectment against J. S. Cowart, for the recovery of two lots of land, and for mesne profits. The plaintiff relied for recovery upon a demise from herself as the sole heir at law of her father, J. N. Price. She contended (1) that her father died in possession of the land; (2) that the defendant claimed under a chain of title which originated in Margaret Williams, running (*a*) from Margaret Williams to J. C. Price, (*b*) from J. C. Price to

J. N. Price, (c) from J. N. Price back to J. C. Price, (d) from J. C. Price to J. L. Boynton, (e) from J. L. Boynton to the defendant. The plaintiff attacked the alleged deed from J. N. Price to J. C. Price as a forgery. The trial of the case resulted in a verdict and judgment for the plaintiff for the premises in dispute, and for $1960 mesne profits. The defendant filed a motion for new trial, which was subsequently amended. The court denied the motion "in so far as the recovery of the land is concerned," but granted the defendant a new trial "on the issue as to mesne profits," and "as to the issue of mesne profits only," for the following reasons, as set out in the order: "This judgment of the court granting a new trial on the issue of mesne profits is based solely on the ground that the plaintiff could not recover mesne profits except for such time as the plaintiff might by evidence show that the defendant was in possession of the premises in dispute; and plaintiff having failed to show that defendant was at any time in possession of the premises, the recovery for mesne profits was without any evidence to support it." To this judgment the defendant excepted, assigning error thereon in the main bill of exceptions. The plaintiff filed a cross-bill of exceptions, in which she complains that the court erred in granting a new trial on the issue of mesne profits.

Pope & Bennet, B. W. Forlson, and Samuel H. Sibley, for Cowart.

R. C. Bell and W. V. Custer, contra.

Fish, C. J. 1. The plaintiff in error contends that the court may only grant an entire new trial, either of the cause or of a collateral issue (Civil Code, § 6079); that the court can not separate the case into two distinct issues to be tried separately by the jury, especially in an action of ejectment, with a prayer for recovery of mesne profits, since a separate action can not be maintained for the recovery of mesne profits. It is therefore insisted that the legal effect of the judgment of the trial court on the motion for new trial is either (1) to grant a new trial of the entire cause, or (2) to deny the motion entirely, on condition that the recovery for mesne profits be written off. The case of McCarthy v. Lazarus, 137 Ga. 282 (73 S. E. 493), was an action of ejectment, with a prayer for mesne profits. The trial court directed a verdict in behalf of the plaintiff for the premises in

dispute, and for mesne profits. The judgment was affirmed "as to the direction of a verdict for the recovery of the premises," but a new trial was ordered "on the sole question as to mesne profits, with direction that the issue as to mesne profits alone be submitted to a jury on another trial." It is true that the power of the Supreme Court to give direction depends on special statute (Civil Code, § 6205), but it is also true that "where a judgment appealed from can be segregated, so that the correct portions can be separated from the erroneous, the court will not set aside the entire judgment, but only that portion which is erroneous." *Chicago Building Co.* v. *Butler,* 139 *Ga.* 816 (1), 819 (78 S. E. 244). It is not to be assumed that in an ejectment suit this court would order a new trial "on the sole question as to mesne profits, with direction that the issue as to mesne profits alone be submitted to a jury on another trial," unless it were in the first instance permissible, in a proper case, for the trial court itself to so direct. Where in an ejectment case the issue as to title is adjudicated in favor of the plaintiff, and the trial court is of the opinion that the adjudication was without error of law, and is satisfied with the verdict, a new trial may be denied as to the issue of title, and a new trial granted on the issue of mesne profits, if the trial court is of the opinion that errors of law were committed upon the latter issue, or if he disapproves the verdict. *Brooke* v. *Lowry Nat. Bank,* 141 *Ga.* 493 (5), 497 (81 S. E. 223). The fact that the case is one of ejectment, with a prayer for mesne profits, is immaterial. While section 5576 of the Civil Code declares, "No plaintiff in ejectment shall have and maintain a separate action in his behalf for the recovery of mesne profits which may have accrued to him from the premises in dispute," it is sufficient to say that in such case the action is not a separate one. In the practical administration of the law, an issue once adjudicated without error may remain closed, where the judgment is divisible, while at the same time the trial court has it within his power to grant a new trial upon a separate, distinct, and independent issue involved in the same case.

2. The plaintiff in the court below desired to put in evidence a certified copy of a deed from J. C. Price to J. N. Price, conveying the lands in controversy. She had duly served the defendant with a notice to produce the original. During the progress of the

trial the plaintiff testified that she did not have the deed in her possession, power, custody, or control, and that she had made diligent search for it and had failed to find it. She then exhibited to the court an affidavit of B. Isler, administrator of the estate of J. N. Price, filed by him in response to a subpœna duces tecum, calling upon him to produce the original of said deed. The administrator in his affidavit averred that he did not have and had never had the original of said deed in his power, custody, or control, and therefore could not produce it. The plaintiff insisted that she be allowed to introduce the certified copy of the deed in question upon the showing made; whereupon the court directed and required the plaintiff's counsel to put the administrator upon the stand, with the statement that the examination would be confined to the question of his ability to produce the original deed. The witness was then examined by the plaintiff's counsel touching his possession of the deed in question, and testified in substance that he did not have the deed and that the same had never been in his possession, power, custody, or control. He was then fully examined by the defendant's counsel upon the same point, and the court ruled that the witness could not be cross-examined by the defendant's counsel upon other and separate and distinct issues in the case. However, the defendant was given the privilege to swear the witness in chief; and the witness was sworn and examined in behalf of the defendant after the plaintiff had closed her case. In the motion for new trial error is assigned on the ruling of the court in refusing to permit the defendant to cross-examine the witness generally upon the merits of the case, and also because the court permitted the examination of the witness on the question of his ability to produce the deed, out of the presence of the jury. The rule in this State is that "when a witness is called and examined, even to only a formal point, by one party, the other party has the right to cross-examine him as to all points." *Aiken* v. *Cato*, 23 *Ga.* 154; *News Publishing Co.* v. *Butler*, 95 *Ga.* 559 (22 S. E. 282). The rule undoubtedly applies when the witness is voluntarily called by the party. In that event the court can not restrict the right of cross-examination to the points upon which the party has examined the witness in chief. If, however, in response to a subpœna duces tecum, the court is not satisfied with the affidavit of the witness, but is yet unwilling to exclude the secondary evidence

offered, and directs and requires counsel for the party by whom the witness was subpoenaed to call the witness in person and examine him orally in the presence of the court, we are of the opinion that it is not reversible error to refuse the right of cross-examination to the opposite party generally on the merits of the case. The plaintiff may have preferred to insist upon the introduction of the secondary evidence upon the showing made. And in this case it appears that the plaintiff did insist upon the sufficiency of such showing. It would be manifestly unfair to compel counsel to call a witness, or to compel him to examine a witness called by the direction of the court, upon the sole question of the ability of the witness to produce an original document, with the right to the opposite party to cross-examine the witness on the merits of the case. If error at all, it was certainly not reversible error to permit the witness to be examined, out of the presence of the jury, on the sole question of his ability to produce the deed described in the subpoena duces tecum. See Civil Code, § 5759; Powell on Actions for Land, 241-2, § 198.

3. The vital issue in the case was whether the deed from J. N. Price to J. C. Price was a forgery. The plaintiff did not file an affidavit of forgery. She relied entirely upon circumstantial evidence to establish her contention that the deed was a forgery. The court in effect instructed the jury that the plaintiff had the burden of showing, by a preponderance of evidence, that the deed from J. N. Price to J. C. Price was a forgery. The plaintiff in error contends that the court should have charged that the forgery of the deed must be proved beyond a reasonable doubt. The case of *Williams* v. *Gunnels, 66 Ga. 521,* is cited in support of this contention. It was there said that to support a plea of justification, in a suit for slander on account of words imputing a crime, "the same degree of evidence is required as would be necessary to convict the plaintiff on a criminal prosecution for the offense." But see *Atlanta Journal* v. *Mayson, 92 Ga. 640 (18 S. E. 1010, 44 Am. St. R. 104),* where it was ruled that the question was neither directly made nor decided in *Williams* v. *Gunnels, supra.* Where in an ejectment suit a deed is attacked as a forgery, the burden is upon the party asserting the affirmative of the issue to establish his contention by a preponderance of the testimony. The case falls within the rule announced in section 5730 of the Civil Code, as follows:

"Moral and reasonable certainty is all that can be expected in legal investigation. In all civil cases the preponderance of testimony is considered sufficient to produce mental conviction."

4. It is also insisted that the court erred in failing to charge, without request, the rule of circumstantial evidence as applicable to a civil case. We can not agree with this contention. It is true, as pointed out by counsel for the plaintiff in error, that in a criminal case, where the evidence is entirely circumstantial, it is error for the court to fail to charge the rule applicable to a case of that character, with or without a request to so charge. The rule announced by this court in criminal cases has no application to the issue of forgery in a civil action. As a rule in criminal cases, it must have resulted, in part at least, from the positive requirement of section 1010 of the Penal Code, which is as follows: "To warrant a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused."

5. In one ground of the motion for new trial error is assigned upon the following charge of the court to the jury: "Referring again to the question as to whether the deed referred to from J. N. Price to J. C. Price was a forgery, this involves a question of fraud; and I charge you in this connection that fraud may not be presumed, but, being subtle in its nature, slight circumstances may be sufficient to carry conviction of its existence." It is insisted that this charge was inapplicable to the issues in the case, and misled and confused the jury. In *Smith* v. *Stone,* 127 *Ga.* 483(3), 487 (56 S. E. 640), it is held: "Upon the trial of the issue of forgery . . when a registered deed is offered in evidence, nothing is involved except the factum of the deed assailed; and when the uncontradicted evidence shows that the deed was executed, a finding that it was a forgery is unauthorized, notwithstanding there may be evidence tending to show that the grantee had, by his conduct and sayings, estopped himself from asserting title under the deed, as against certain persons." We agree with counsel for the plaintiff in error that the charge was inapplicable to any issue in the case, but we can not say that it either misled or confused the jury. The court clearly stated the issues to the jury, and instructed them that the burden was upon the plaintiff to show that the deed from J. N. Price to J. C. Price was in fact a forgery. In

immediate connection with the excerpt to which exception is taken, the court charged as follows: "You would have no right to find for the plaintiff in this case unless you should, by the testimony or the circumstances, determine that the deed in question was never in fact executed by J. N. Price; but you may consider all the circumstances of the case in determining whether the deed was genuine or whether it was a forgery." In view of the entire charge, considered in the light of the evidence in the record, we do not feel authorized to reverse the case upon this ground.

The evidence authorized the jury to find that the plaintiff's intestate died in possession of the land in controversy, that the defendant claimed under the plaintiff's intestate, and that the deed from the plaintiff's intestate to J. C. Price was a forgery. None of the assignments of error upon the rulings of the court in admitting or rejecting evidence, in charging the jury, or in failing to charge, assigned as erroneous in the motion for new trial, will require a reversal of the case on the main bill of exceptions.

6. The grant of the new trial on the issue of mesne profits, assigned as error in the cross-bill of exceptions, is within the rule that the first grant of a new trial will not be disturbed unless the evidence demands the verdict rendered, nor will the court undertake to make any ruling with respect to the reason assigned by the trial judge as the basis of his action, although the new trial be granted upon a special ground of the motion. *Van Giesen* v. *Queen Insurance Co.,* 132 *Ga.* 515 (64 S. E. 456); *Ballenger* v. *Ballenger,* 147 *Ga.* 351 (94 S. E. 237). It goes without saying that the verdict for $1960 mesne profits was not demanded, under the rule recognized in this State. See *McCarthy* v. *Lazarus,* supra.

*Judgment affirmed on both bills of exceptions. All the Justices concur.*