27557. SCOTTISH UNION & NATIONAL INSURANCE CO. *v.* PEOPLES CREDIT CLOTHING COMPANY.

DECIDED SEPTEMBER 16, 1939. REHEARING DENIED DECEMBER 14, 1939.

*Estes Doremus, Dudley Cook, MacDougald, Troutman & Arkwright,* for plaintiff in error.

*George S. Peck,* contra.

GUERRY, J. Plaintiff sued defendant on a policy of fire insurance issued January 10, 1931, insuring a stock of goods located in a store building at 173 Whitehall Street, Atlanta, Georgia, which stock of goods was destroyed by fire February 21, 1931. There was no issue as to the proper proofs of loss and the value of the property destroyed. The jury returned a verdict in favor of the plaintiff in the full amount sued for, to wit: $1509.09. Counsel for the plaintiff in error states in his brief that "the suit was principally defended because of the violation of the sole and unconditional ownership clause" in the contract of insurance.

The defendant established by evidence that the plaintiff had in 1929 given a mortgage or bill of sale to Sidney G. Gilbreath, which bill of sale covered the furniture, fixtures, and stock of goods located at that time in a store at 173 Whitehall Street, Atlanta, Georgia. The plaintiff established by evidence that the stock of goods located in said store in 1929 was partly destroyed by fire on December 5, 1929, that the remainder of that stock of goods had been sold at a fire sale, and that no part of the stock of goods covered by the bill of sale was in the store on January 10, 1931, the time of the issuance of the policy sued on in this case. The jury were amply authorized to find in favor of the plaintiff on this issue.

By amendment the defendant also filed a plea of former adjudication, in which it alleged that this plaintiff had brought its action against it in the municipal court of Atlanta on a policy insuring the store fixtures of the plaintiff located at 173 Whitehall Street, and located in the same place and destroyed by the same fire involved in this suit; that the plea in that case was the same as here, to wit, that the bill of sale by the plaintiff to Gilbreath covered the stock of goods as well as the fixtures located in the premises, and that said action terminated in defendant's favor (see *Peoples Credit Clothing Co.* v. *Old Colony Ins. Co.*, 47 *Ga. App.* 819 (171 S. E. 587) ; that the issues involved there were the same; and it had been adjudicated that plaintiff was not entitled to recover for damage to the fixtures or stock of goods. It will be noted that in the present action the chief issue was whether or not the bill of sale executed in 1929 covered the stock of goods which was destroyed by fire February 26, 1931. Plaintiff demurred to said plea on the ground that the "suit referred to was based on a different contract of insurance and insured fixtures which were different property from

the contract of insurance sued on in this case which covered merchandise and therefore did not involve the same cause of action or the same subject-matter."

The allegation in the amendment stated that "the judgment therein finally and conclusively determined that the bill of sale executed by the plaintiff herein to Sidney Gilbreath was a valid and binding bill of sale at the time of said fire, that it covered the property of the assured involved in the fire of February 26, 1931, and avoided the insurance issued to the plaintiff upon this property." Plaintiff in error contends that the overruling of this demurrer was an adjudication of the case and demanded a verdict in its favor. We can not agree to this contention. A demurrer admits all properly pleaded allegations in the petition or plea. It will be seen that the demurrer filed in this case is what we may term a speaking demurrer. It denies the allegation in the plea that the bill of sale covered the property of the assured. It sets up facts which are proper as allegations raising issues to be determined by a jury. It denies rather than admits the allegations made. A speaking demurrer is not allowable. The fact that a speaking demurrer is overruled is not an adjudication of the issues of the case. "A speaking demurrer is one which introduces some new fact or averment which is necessary to support the demurrer and which does not distinctly appear upon the face of the pleadings demurred to. Such demurrer should be overruled. The facts averred therein may be set up by plea or answer." *Beckner* v. *Beckner*, 104 *Ga.* 219 (30 S. E. 622). The defendant failed to sustain its plea of former adjudication by showing that the subject-matter of the former suit was the same as that in the present action. The former suit merely decided that the *fixtures* located in said store were covered by the bill of sale, and that there could be no recovery on the policy for their loss. The evidence amply authorized, if it did not demand, the verdict returned in this case, that the stock of goods destroyed on February 26, 1931, was not the same stock as that covered by the bill of sale given to Gilbreath.

There was also another plea of set-off filed in this case. After the hearing on the motion for new trial, the court overruled the motion as to the matters herein discussed but sustained it "in so far as it relates to the defendant's plea of set-off," and said: "The issues raised by the plea of set-off will be submitted to another

jury." It becomes unnecessary for us to pass on the assignments of error in respect thereto.

This case presents the unusual situation of a party excepting to an order granting its motion for new trial. The issues to be heard at the next trial are to be restricted to those raised by the plea of set-off. While this is unusual, we think it proper in this case. The case as tried upon the main issue was properly tried, and the plaintiff was entitled to the verdict rendered. The plea of set-off was an independent claim of the defendant against this plaintiff. If errors were committed in presenting such claim to the jury, or in omitting entirely to present such issue to the jury, there is no reason why the entire case should be sent back for a new trial. The issues are divisible and not entire. Errors, if any, in respect to the claim for set-off should not require a new trial as to separate and independent issues. In *Cowart* v. *Strickland*, 149 *Ga.* 397 (100 S. E. 447, 7 A. L. R. 1110), it is said: "Where in an ejectment case the plaintiff recovers a verdict for the premises with mesne profits, the trial judge may grant a new trial on the issue of mesne profits alone for errors of law, or if he disapproves the verdict on that issue, and, the judgment being divisible, refuse a new trial on the issue of title, if that issue was adjudicated without error of law and if the trial judge approves the verdict." See also *Chicago Bldg. & Mfg. Co.* v. *Butler*, 139 *Ga.* 816 (78 S. E. 244).

The court did not err in denying the motion for new trial in the issues involved in this appeal.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*