## BOONE *v.* BOONE.

No. 13805. JULY 8, 1941.

*Noah J. Stone,* for plaintiff in error.

DUCKWORTH, Justice. ■ The evidence supported the verdict in favor of plaintiff for a total divorce. Exceptions relating to the charge to the jury on cruel treatment, and to the charge on the question of granting the right to remarry, and complaining of the failure to charge that when both parties are equally at fault no divorce should be granted, are controlled by the evidence, and are without merit. The judgment overruling the motion for new trial on the divorce issue is affirmed.

■ It is contended that the judge was without authority to split the verdict and order a new trial on the defendant's application for alimony. While we have not found where this court has heretofore ruled upon a similar question in a case of divorce and alimony, we think the principle involved has been decided. In *McCarthy* v. *Lazarus,* 137 *Ga.* 282 (3) (73 S. E. 493), an action of ejectment, this court held that the evidence was wholly insufficient to support the defendant's claim of title, and that the trial court did not err in directing a verdict in favor of plaintiff for recovery of the premises. It was said: "The judgment is affirmed as to the direction of a verdict for the recovery of the premises; but a new trial is ordered on the sole question as to mesne profits, with direction that the issue as to mesne profits alone be submitted to a jury on another trial." It is true that the direction in that case was given by the Supreme Court, and not the trial court; but in our opinion the trial judge would have had authority to have given the same

direction to the case. It was divisible. The issue of title is independent and apart from the issue of mesne profits, and a retrial of the former would in no wise aid in the trial of the latter. The first issue having been regularly tried, and the verdict being supported by the evidence, and no error of law appearing in connection therewith, the court should not be needlessly burdened to retry that issue in order that errors committed on the trial of the issue of mesne profits be cured by another trial of that issue. In *Cowart* v. *Strickland,* 149 *Ga.* 397 (100 S. E. 447, 7 A. L. R. 1110), it was said: "Where in an ejectment case the plaintiff recovers a verdict for the premises with mesne profits, the trial judge may grant a new trial on the issue of mesne profits alone for errors of law, or if he disapproves the verdict on that issue, and, the judgment being divisible, refuse a new trial on the issue of title, if that issue was adjudicated without error of law and if the trial judge approves the verdict." It was contended that the legal effect of the judgment on the motion for a new trial was either (1) to grant a new trial of the entire cause or (2) deny the motion entirely, on condition that the recovery of mesne profits be written off; and on the question of the right of the trial court to enter such judgment this court said: "It is not to be assumed that in an ejectment suit this court would order a new trial 'on the sole question as to mesne profits, with direction that the issue as to mesne profits alone be submitted to a jury on another trial,' unless it were in the first instance permissible, in a proper case, for the trial court itself to so direct." In *Chicago Building & Manufacturing Co.* v. *Butler,* 139 *Ga.* 816, 819 (78 S. E. 244), it was held that the evidence supported the verdict as to all the defendants except two, and a search of the record failed to disclose any evidence supporting the defense filed by those two defendants; and this court was confronted with the question of whether it could affirm the judgment as to the other defendants and reverse it as to these two. It was said: "We understand the rule to be that where a judgment is entire and indivisible, it can not be affirmed in part and reversed in part, but the whole must be set aside if there be reversible error therein. 3 Cyc. 448 (b) ; 1 Black on Judgments, § 211. But where a judgment appealed from can be segregated, so that the correct portions can be separated from the erroneous, the court will not set aside the entire judgment, but only that portion which is erroneous." The judg-

ment was affirmed, with the exception that as to the two defendants referred to the judgment was reversed and a new trial ordered. In *Scottish Union & National Ins. Co.* v. *Peoples Credit Clothing Co.,* 61 *Ga. App.* 316, 319 (6 S. E. 2d, 178), it was said: "This case presents the unusual situation of a party excepting to an order granting its motion for new trial. The issues to be heard at the next trial are to be restricted to those raised by the plea of set-off. While this is unusual, we think it proper in this case. The case as tried upon the main issue was properly tried, and the plaintiff was entitled to the verdict rendered. The plea of set-off was an independent claim of the defendant against this plaintiff. If errors were committed in presenting such claim to the jury, or in omitting entirely to present such issue to the jury, there is no reason why the entire case should be sent back for a new trial. The issues are divisible and not entire. Errors, if any, in respect to the claim for set-off should not require a new trial as to separate and independent issues." While it was held in *Walker* v. *Jones,* 139 *Ga.* 508 (2) (77 S. E. 628), that it was error to grant a new trial on grounds relating to some of the particular items of indebtedness, and to refuse a new trial as to others, that decision was manifestly based upon a construction of a judgment to the effect that it was entire and indivisible. The action there was to recover "a certain sum alleged to be due." This certain sum was made up of several items of indebtedness, and the one issue presented by the pleadings was whether or not the plaintiff was entitled to the sum sued for. That case is distinguished from the present case and others cited above, where the respective judgments dealt with are separable and divisible. In the present case the defendant's petition for alimony was an independent claim against the plaintiff, and the judgment ordering a new trial on that issue is not erroneous because it denies a new trial on the independent issue made by plaintiff's petition for divorce. The grant of a new trial on the issue of alimony renders unnecessary any ruling on the grounds of the motion relating to alimony.

The plaintiff in error contends that if the judgment granting a divorce to the husband is allowed to stand, it will constitute a bar to the wife's right to recover a judgment for permanent alimony against him. In support of this contention she cites *Joyner* v. *Joyner,* 131 *Ga.* 217 (3) (62 S. E. 182, 18 L. R. A. (N. S.)

647, 137 Am. St. R. 220); *Hall* v. *Hall,* 141 *Ga.* 361 (80 S. E. 992); *Meadows* v. *Meadows,* 161 *Ga.* 90 (129 S. E. 659); *Hansberger* v. *Hansberger,* 182 *Ga.* 495 (185 S. E. 810); *Rozetta* v. *Banks,* 183 *Ga.* 701 (189 S. E. 513); *Allen* v. *Baker,* 188 *Ga.* 696 (3) (4 S. E. 2d, 642). All of those decisions dealt with cases where a divorce had been granted before the institution by the wife of proceedings for alimony. They do not apply in the present case, where the wife's application for alimony was filed before the grant of a divorce to the husband. "Jurisdiction of the subject-matter of a suit for permanent alimony depends on existence of the marital relation at the time the action is instituted." *Durden* v. *Durden,* 191 *Ga.* 404 (2) (12 S. E. 2d, 805). From the above quotation it will be observed that to give jurisdiction in a suit for alimony the relationship of husband and wife must exist at the time the action is instituted. Jurisdiction when once obtained will not be taken away by the subsequent divorce of the husband. In the *Durden* case, supra, the husband had procured a divorce in the State of Alabama after the institution by the wife in the Georgia court of a suit for alimony; and while she had dismissed her action for alimony after the husband had obtained a divorce, by consent of the parties judgment setting aside the dismissal and reinstating her action was entered. This court said: "The order of reinstatement relates to the institution of the first suit for alimony, which was filed before interruption of the marital relation by the divorce obtained in Alabama. Accordingly the grant of alimony, to which there was no exception, was not void for want of jurisdiction as to the subject-matter." The wife's petition for permanent alimony in the present case having been duly filed before the interruption of the marital relation by the husband's divorce, the trial court now has jurisdiction of the subject-matter, and the divorce of the husband is not a bar to the alimony proceeding.

*Judgment affirmed. All the Justices concur.*