HALL v. HALL.

FISH, C. J.  1. After a wife has obtained a decree of total divorce the matrimonial relation no longer exists, and therefore she can not then obtain an order or judgment requiring her former husband to pay alimony. *Joyner* v. *Joyner*, 131 Ga. 217 (3), 225 (62 S. E. 182, 18 L. R. A. (N. S.) 647, 127 Am. St. R. 220).

2. Nor can she in her own name, and in behalf of their minor child, obtain an order or judgment requiring her former husband to pay to her alimony, or an allowance in the nature of alimony, in order that she may support the child, whose custody has been awarded to her in the decree of divorce.

(a) Where a wife obtains a decree of divorce against her husband, in which the custody of their minor child, on account of the husband's misconduct, is awarded to her, but no question as to the support of the child is determined by the decree, or provision therefor made by it or by contract, the father is not relieved from his legal obligation for the support of the child. If he fail or refuse to discharge such obligation, the mother in an original action may recover of the father the amount of the expenditures made by her, after such decree, for the proper support of the child.

(b) How far an agreement on the part of a wife who obtained a divorce from her husband, that, if the custody of the child should be awarded to her, she would undertake to support it and relieve the father therefrom, might be a defense to an action subsequently brought by her against the father for necessaries furnished to the child, is not here involved. Nor is it now for adjudication how far such a contract might affect the rights of the child in this respect.

3. The present action was not brought by the child, or by a guardian or next friend for it. Neither was it an action for necessaries which had been furnished to it by the mother. While there were some allegations to the effect that the husband promised, if the wife would not in the action for divorce ask for alimony or for a provision for the maintenance of the child, he would support it, and that accordingly she

did not ask for such alimony or maintenance, and while there were also some allegations as to the meager amount which the husband had furnished for the support of the child, and an averment as to the amount such support cost, and as to the probability that the child might become sick and need additional attention, yet in its entire framework the action is not one for damages from breach of contract, nor a suit for necessaries furnished the child; but the allegations mentioned are set up by way of inducement, to show why no provision was made in the decree of divorce for the support of the child, and to uphold the prayer that the court should grant an order requiring the husband to contribute the sum of $10 per week toward the maintenance of his minor child. So construed, under the principles announced in the preceding headnotes the petition was demurrable.

4. The petition contained certain allegations to the effect, that the defendant frequently visited the plaintiff's home under the influence of drink, in opposition to her wish and request; that his conduct on such occasions was loud, boisterous, and annoying to her; that, although she had obtained a divorce from him, he assumed to exercise authority over her and tried to dictate to her how she should act and conduct herself; that he was not only "abusive before plaintiff's roomers, but undertakes to dictate to her whom she should go with, where she should go, and so on." There were also allegations of cruel treatment, which apparently related to occurrences before the divorce. The plaintiff alleged that it was her "desire for her child's father to see him at any time that the court may designate," but she alleged that "she is mortally afraid of the defendant, and asks the court to incorporate in the order allowing the defendant to visit her home, for the purpose of seeing his boy, that he be accompanied by some reputable person, as plaintiff is afraid to be left alone with him." The prayers were, that the court should require the defendant to contribute the sum of $10 per week toward the maintenance of his minor child, and that the defendant be enjoined from visiting the plaintiff's home except when accompanied by some one designated by the court, from accosting her on the street, or from otherwise interfering with her affairs in any way. *Held:* If the application for injunction be treated as an independent proceeding, the allegations on that subject do not bring the case within the ruling in *Lyon* v. *Lyon*, 102 *Ga.* 453 (31 S. E. 34, 42 L. R. A. 194, 66 Am. St. R. 189); and if it be considered as merely a part of and dependent upon the action sought to be maintained to recover money for the support of the child (and this appears to be the correct construction), it must fall with that proceeding.

*Judgment reversed. All the Justices concur.*
FEBRUARY 20, 1914.

Equitable petition. Before Judge Pendleton. Fulton superior court. November 25, 1912.

*Edgar Latham,* for plaintiff in error. *John Y. Smith,* contra.