*H. M. Fletcher* and *R. W. Mays,* for plaintiff.
*W. E. Watkins,* contra.

---

JONES *v.* JONES.

ATKINSON, J.   A husband and wife separated about three months after
their marriage.  The wife filed a petition for alimony.  Upon that peti-
tion a decree was rendered, reciting that the parties had arrived at a
settlement by the terms of which the husband agreed to pay the wife,
in settlement of all claims which she might have against him for
alimony both temporary and permanent, the sum of $1,200, which sum
was to be "used by her in her own support, and in the support and
maintenance of her unborn child, which she is now with, should the
same survive, so that the said [wife] shall have no further claim against
the said defendant for alimony temporary or permanent, or for the
support, maintenance, or education of said prospective child should it
survive." It was thereupon adjudged that the sum of money agreed
upon, when paid, shall completely discharge the husband from any
liability for the support and maintenance of the wife and any pros-
pective child.  Soon after the decree was rendered twin children were
born unto his wife.  Four years thereafter the wife filed a petition
under the Civil Code, § 2986, against the husband, alleging that there
was a suit pending for permanent alimony for support of the children,
and praying that the defendant be required to pay over to the plaintiff
such sums of money as may seem proper to the court for the support of
the children, together with reasonable attorneys' fees.  In bar of this
stipulation the husband set up the former decree, and also prayed that
he have the custody of the children.  On the trial the court found

against the plea of res adjudicata,, and awarded the custody of the children to the mother, and ordered the husband to pay twenty-five dollars per month for the support of the minor children, and counsel fees. *Held:*

1. The right of the children to be supported by their father was not concluded by the consent decree rendered in the alimony proceedings between the father and mother.

2. Under the pleadings and evidence there was no abuse of discretion in ordering the husband to pay the wife specified amounts for the support of the children, and attorney's fees.

(*a*) In *Hall* v. *Hall*, 141 *Ga.* 361 (80 S. E. 992), the marriage relation had been terminated by a. judgment of divorce.

(*b*) The bill of exceptions expressly waived any complaint on account of the award of the children to the mother.

*Judgment affirmed.*   *All the Justices concur.*
APRIL 15, 1914.

Temporary alimony. Before Judge Hammond. Richmond superior court. July 10, 1913.

*J. S. & N. M. Reynolds,* for plaintiff in error..

*Isaac S. Peebles Jr.* and *E. Foster Brigham,* contra.