## SIKES *v.* SIKES.

A minor child cannot maintain in his own name nor by guardian or next
friend a suit for alimony, temporary or permanent, against his father,
the wife and mother being dead.

No. 3968. JUNE 11, 1924.

Alimony. Before Judge Franklin. Richmond superior court.
September 1, 1923.

*McDonald & Ross,* for plaintiff in error.

*B. B. McCowen* and *Albert G. Ingram,* contra.

BECK, P. J. Z. S. Sikes, as next friend of William Sibley Sikes,
a minor, brought a petition for temporary and permanent alimony
against Robert H. Sikes, the father of the child, alleging that the
defendant had abandoned his child and that the child's mother
was dead. The defendant filed a demurrer and a motion to dis-
miss the petition, and upon the hearing of the same an amend-
ment to the petition was offered, in which the plaintiff or petitioner
was styled "William Sibley Sikes by his next friend Z. S. Sikes."
Counsel for defendant objected to the allowance of this amend-
ment, on the ground that by it a new and distinct party was added.
The amendment was allowed by the court, and to its allowance
the defendant excepted. A second motion to dismiss was made
by the defendant, and, after argument, another amendment to the
petition was offered, again changing the style of petitioner so as
to read, "William Sibley Sikes by his guardian Z. S. Sikes," which

amendment was objected to by the defendant, but the court allowed the same to be filed; and to this the defendant excepted. Counsel for defendant again moved to dismiss the petition as amended, and the motion was overruled; and to this ruling the defendant excepted. The respondent filed his answer. The case proceeded to trial on the petition and answer and the evidence submitted, and the court passed an order adjudging that the defendant pay to the plaintiff the sum of $30 per month until the further order of the court and the sum of $25 attorney's fees. To this judgment the defendant excepted, bringing the case to the Supreme Court for review.

The court properly refused to dismiss the petition upon the interlocutory hearing at chambers. But we are of the opinion that the court erred in granting the judgment for the payment of alimony. We know of no provision in the law of this State allowing a minor child, though the mother is dead, to sue for alimony. Provisions for alimony and proceedings to obtain it are contained in Code sections 2975-2991, inclusive. Alimony is defined in section 2975 of the Civil Code as "an allowance out of the husband's estate, made for the support of the wife when living separate from him. It is either temporary or permanent." The next section, 2976, provides for proceedings by the wife to obtain alimony. There are also provisions for allowing support for children in suits for alimony by the wife, or in suits for divorce brought by her where application is made for alimony. And it is also provided that in such proceedings, though the wife may not upon the trial be found to be entitled to alimony, nevertheless a support may be allowed the children, and a judgment for the same enforced as provided by law. Civil Code, § 2981. But there is no provision in the law, where the wife and mother is dead, for a minor child by his guardian or next friend to maintain a suit like this, for alimony. This is not a petition in equity for the recovery of an amount which the father might be required to pay for the support of a minor child, even if such equitable petition could be maintained. The prayer is for the allowance of alimony, and a rule nisi calling upon the defendant to show cause, etc. It is in form and substance a suit for alimony, and cannot be maintained.

Provisions are contained in the law, however, under which

parties furnishing the necessaries of life to children may recover for the same from the parent neglecting to support them. Also there is a statute in the Penal Code which makes it a misdemeanor for a father to willfully abandon his child and not furnish sufficient food and clothing for the child's needs. And there are other provisions in our statute law making the father liable for the support of his minor children.

*Judgment reversed. All the Justices concur.*