## HOOTEN *et al. v.* HOOTEN.

No. 6621. FEBRUARY 15, 1929.

*John M. Morrow* and *H. W. McLarly,* for plaintiffs.
*B. L. Milling,* for defendant.

HINES, J. Leila May Hooten and Mildred Lee Hooten, by their mother as next friend, filed their petition against William C. Hooten, in which they make the following allegations: Essie M. and William C. Hooten married and lived together as man and wife for a number of years. Leila May Hooten, age 13, and Mildred Lee Hooten, age 10, are the issue of this marriage. The parents were totally divorced at a time when the children were "mere babies." They have arrived at an age where it is expensive to maintain and keep them in school. Their father has not contributed anything towards their support since December 1927, when he stated that he was not going to pay them anything more. Up to that time the mother maintained a home for the children; but since the father has ceased contributing to their support she has had to break up her home and do the best she could in supporting and educating her children. She has been forced to send both of them to the State of Alabama, where her sister lives, in order to board them with her and let them go to school. She is boarding

them there on the strength of her credit. She could not make such arrangements in this State. She is entitled to at least $100 per month for the support and maintenance of these two children, and she asks for this amount out of the earnings of the father. He is now earning not less than $200 per month, and has a good steady job. Petitioners pray that they be allowed judgment for such an amount as the court may think meet and proper for their temporary support, that the amount of $100 per month be awarded to them as permanent support, and that the father be required to pay a reasonable attorney's fee.

The father demurred upon the grounds: (a) The petition is not authorized by law. (b) There is no provision of law or equity authorizing or sanctioning it. (c) It sets forth no cause of action. (d) Children can not sue their father for support by themselves or their next friend, where there is a total divorce between the father and mother. (e) It appears from the petition that the divorced wife of the defendant is suing for a sum named, for herself for the support of the children, which she has no right to do. The court sustained the demurrer and dismissed the petition. The children excepted.

■ We must first determine the law fixing the extent of the father's duty to support and educate his minor children. "Until majority, it is the duty of the father to provide for the maintenance, protection, and education of his child." Civil Code (1910), § 3020. So generally it is the duty of the father, having the ability to do so, to support his minor children. Some decisions hold that the duty of the parent to support and educate his minor children is merely a moral obligation, which is not enforceable in law independent of statute. 46 C. J. 1257, § 34, and notes 94, 95. The better view, as to the duty of the parent to support his minor children, undoubtedly is that this obligation of the parent is a legal one, as well as a moral one. Id., and cases cited in note 97; *Hines* v. *Mullins,* 25 *Ga.* 696. This is so because it is his duty, under the above section of the code, to furnish such support if he is able. To this general rule there are exceptions. One of these grows out of the principle that the duty to support and the right to the custody and the earnings of his minor children are reciprocal (Civil Code (1910), §§ 3020, 3021; 46 C. J. 1256, § 34), and that whatever deprives the parent of the right to the custody and

services of the child, without fault on his part, relieves him from the duty to support the child. *Thompson* v. *Georgia Ry. &c. Co.,* 163 *Ga.* 598, 603 (136 S. E. 895). Another exception arises where the parents have been divorced, and provision for the support of the children has been made in the divorce proceeding. "In suits for divorce, the judge presiding may, either in term or vacation, grant alimony, or decree a sum sufficient for the support of the family of a husband dependent upon him, and who have a legal claim upon his support, as well as for the support of his wife; . . and in case a sum is awarded for the support of said family, the husband shall not be liable to third persons for necessaries furnished them." Civil Code (1910), § 2980. If the jury trying a divorce case on the final verdict find in favor of the wife, they shall also, in providing permanent alimony for her, specify what amount the minor children shall be entitled to for their permanent support; and in what manner, how often, to whom, and until when it shall be paid; and this they may do if, from any legal cause, the wife may not be entitled to permanent alimony; and when such support shall thus be granted, the husband shall not be liable to third persons for necessaries furnished the children embraced in the verdict. § 2981. The petition discloses that the husband and wife had been divorced; and that the wife has ever since had the custody of the children, who were "mere babies" when the divorce was granted. The petition is silent as to the grant of alimony to the wife for her support and that of the children. In these circumstances, construing the petition most strongly against the pleader, it is a fair presumption that the judge and jury, in granting to the wife a total divorce, made some provision for the support of the minor children. It would certainly be incumbent upon the children, who, after the grant of the divorce, bring an action by their mother as next friend against their father for an allowance for their support, to allege the facts which take their case out of the above exceptions; and in the absence of such allegations the petition does not make a case which would entitle the children to a judgment compelling the father to make an allowance for their support. There are other exceptions to the general rule imposing upon the father the duty of supporting his minor children; but it is unnecessary in this case to refer to these other exceptions.

Under section 3020 it is also the duty of the father to educate his minor children. One object of the present suit is to compel the father to provide an allowance for the payment of the children's board with a sister of their mother in the State of Alabama, in order that they may attend school in that State. In *Board of Education* v. *Purse,* 101 *Ga.* 422, 429 (28 S. E. 896, 41 L. R. A. 593, 65 Am. St. R. 312), Mr. Justice Cobb, who delivered the opinion of the court, said: "While the common law recognized this as a duty of great importance, there was no remedy provided for the child in case this duty was not discharged by the parent. The child at the will of the parent could be allowed to grow up in ignorance and become a more than useless member of society; and for this great wrong brought about by the neglect of his parents the common law provided no remedy." He then declared that the common law, which imposed upon the father the duty of educating his children, became part of the law of this State; and he cited Civil Code (1895), § 2501, (1910) § 3020. He then said: "The section cited declares that the father shall provide for the maintenance, protection, and education of his child, but relatively to the matter of education no provision is made for the punishment of a parent who fails to discharge this duty, or for the relief of the child who is a victim of such failure." In support of this proposition he cited Rulison v. Post, 79 Ill. 567. The constitution of this State provides for "a thorough system of common schools for the education of children, as nearly uniform as practicable, the expenses of which shall be provided for by taxation or otherwise." These "schools shall be free to all children of the State." Civil Code (1910), § 6576; Ga. L. 1911, p. 46; 5 Park's Code, § 6576. Every parent, guardian, or other person having charge and control of a child between the ages of 8 and 14 years, who is not exempted or excused, shall cause the said child to be enrolled in, and to attend continuously for six months of each year, the public school for the district or city or town in which such child resides. Ga. L. 1919, pp. 288, 358; 8 Park's Code Supp. 1922, § 1444(a). It is a penal offense for any parent, guardian, or other person, who has charge and control of a child between the above years, to wilfully fail to comply with the requirements laid down in the above section of the Civil Code, as to compulsory school attendance. Ga. L. 1919, pp. 288, 359; 11 Park's Penal

Code Supp. 1922, § 702. It will thus be seen by the constitution of this State, and the laws passed in pursuance thereof, that the State has undertaken to furnish free education to all children within its borders between the ages of 8 and 14 years. Petitioners are within these ages, and are entitled to an education in the public schools of the State without charge. Their parents live in this State. In these circumstances we are of the opinion that their father should not be charged with expenses of their education in another State. It follows that so far as the petition seeks to compel the father to make a provision for their education, it does not set forth a cause of action.

■ We think the court properly sustained the demurrer, for another reason. In our opinion the present suit is in effect one by the divorced wife to compel the father to pay an allowance which will go to her for the support and education of their children. It is true that the nominal plaintiffs, who sue by their mother as next friend, are these children. The petition alleges that they are of the ages of 13 and 10 years respectively. Due to their tender years they were probably not consulted about the bringing of this suit, and, if they had been consulted, were incapable of any direction about the institution of this proceeding. The petition further alleges that the mother is boarding these children with her sister in the State of Alabama, and is sending them to school in that State; that she is boarding them there on the strength of her credit; and that she is entitled to at least $100 per month for their support and maintenance, and she asks for this amount out of the earnings of the father. In these circumstances it is fairly inferable that this suit was instituted by the mother for her own benefit, in order to compel the father to make an allowance, in the nature of alimony, which will go to her as compensation for expenses incurred by her in boarding and schooling these children in the State of Alabama. In *Joyner* v. *Joyner,* 131 *Ga.* 217, 225 (62 S. E. 182, 18 L. R. A. (N. S.) 647, 127 Am. St. R. 220), this court held that "alimony will not be allowed to the wife on a separate proceeding, after a total divorce has been granted at the instance of the husband." In that case the wife was seeking alimony in her own behalf alone. In *Hall* v. *Hall,* 141 *Ga.* 361 (80 S. E. 992), this court again approved the principle announced in *Joyner* v. *Joyner,* and further ruled that the wife can not "in her own name, in be-

half of their minor children, obtain an order or judgment requiring her former husband to pay her alimony, or an allowance in the nature of alimony, in order that she may support their children, whose custody has been awarded to her in the decree of divorce. These decisions would be vain and without effect if the divorced wife were permitted to bring suit in the name of minor children, who are of such tender age as to be unable to give direction or to be consulted about the institution of the proceeding, for the purpose of compelling the father to pay monthly installments of money, in the nature of alimony, which would go to his divorced wife in extinguishment of expenses paid or obligations incurred in supporting the minor children of the husband. Again, in *Sikes* v. *Sikes*, 158 *Ga.* 406 (123 S. E. 694), this court held that "A minor child can not maintain in his own name nor by guardian or next friend a suit for alimony, temporary or permanent, against his father, the wife and mother being dead." The liability of the father to support his minor child is in no way terminated by the death of the mother. By such affliction the importance of the discharge of this duty by the father was rendered more imperative. We see no valid reason why, if a child can not sue in its own name its father for support in the nature of alimony, and can not do so by some relative or other person as next friend, it can institute such suit against the father by its mother, who has been divorced from the father, as its next friend. So we are of the opinion that this suit was not maintainable under the decisions above cited.

In *Sikes* v. *Sikes*, supra, the question whether a petition in equity would lie for the recovery of an amount which the father might be required to pay for the support of his minor children, was left open. In the first place, it is sufficient to say that the proceeding in the present case is no more one in equity than the one dealt with in *Sikes* v. *Sikes*. In that case the proceeding was brought to enforce the performance by the father of his duty to support his minor child. It is true that the petitioner prayed to have his father pay alimony for the support of the child; but this in no way affected the real purpose of the suit. The purpose of that proceeding and the proceeding in the present case is identical. The proceeding in the present case is no more one in equity than the proceeding in the *Sikes* case. Conceding, however, that the pres-

ent proceeding is one in equity, can it be maintained in the name of these infants by their mother as next friend? In other words, has a court of equity jurisdiction to enforce the duty of a father to support his minor children, in the absence of a statute conferring such power? On this subject Corpus Juris says: "But it has been held that equity has general jurisdiction of a suit by a wife to compel her husband to support their infant children, and a wife who has furnished the children with necessaries may maintain an action at law against the father to recover therefor, in jurisdictions where the wife's marital disabilities have been removed by statute. Ordinarily a minor child has no direct right of action in equity against its parent to compel the performance of the latter's duty in respect of maintenance and education." 43 C. J. 1270, § 50 (B). In support of the first proposition the authors cite the case of Elred v. Elred, 62 Neb. 613 (87 N. W. 340), and Leibold v. Leibold, 158 Ind. 60 (62 N. E. 627). In the Elred case a decree of divorce was obtained by a wife upon service by publication, without appearance of the defendant, in a foreign State. It was held that the decree of divorce was a bar to an action brought in the State of the residence of the wife, for alimony to be awarded out of the property of the husband; but that the fact that the marriage relation is dissolved does not relieve the father of the duty to support his minor children, and will not defeat an action therefor. The court reversed the judgment dismissing the suit, so far as it related to the maintenance of the children. In the opinion the court said: "If the decided weight of authority in this country should be followed, alimony could not be recovered in an independent suit." It was here recognized that the weight of authority was against the decision rendered in that case, the court following the decision in the earlier case of Earl v. Earl, 27 Neb. 277 (43 N. W. 118, 20 Am. St. R. 667), which held contrary to the decided weight of authority in this country.

In Leibold v. Leibold, supra, the Supreme Court of Indiana said that "equity has general jurisdiction of a suit by a wife to compel her husband to support their infant children, independently of" certain statutes of the State of Indiana, which provided that a wife might sue for such support under certain circumstances. In that case the proceeding was brought by the mother against her husband, to obtain the custody of their minor children, and to require the

husband to make allowance for the maintenance and support of such children. The decision in that case was based upon the power of a court of chancery to control not only the estate but the person and custody of infants. The court was passing upon the custody of the children, they thus having become the wards of chancery; and the court rendered judgment requiring the father to pay to the clerk of the court, for the maintenance and support of the minor children, a weekly sum until further order. In this respect the case last cited is different from the one at bar. Both of the cited cases are distinguishable from the present proceeding, for the reason that the latter was brought by the children themselves by their mother as next friend. In support of the proposition last cited from Corpus Juris, the authors cite a number of cases in § 50, note 92. We believe, under the cases cited in this note and other cases upon this subject, that the weight of authority is in favor of the proposition that these infants can not, in their own name or by next friend, maintain a suit in equity against their father to compel him to furnish them with support and education, · where their divorced mother has their custody and is supporting them upon the strength of her credit. Where a wife obtains a decree of divorce from her husband, and no question as to the support of the children is determined by the decree, or provision therefor made by it or by contract, the father is not relieved from his obligation to support his children; and if he fail or refuse to discharge such obligation, the mother in an original action may recover of the father the amount of the expenditures made by her after such decree, for the proper support of the children. *Hall* v. *Hall, supra.* This ruling is fortified by the consideration that actions by minors against their father should not be encouraged; certainly where their mother can recover from the father expenditures made by her in support of their children, where the father has not been relieved in some way from his duty to support them.

*Judgment affirmed. All the Justices concur, except Beck, P. J., and Hill, J., dissenting.*

HILL, J. Leila May Hooten, age thirteen, and Mildred Lee Hooten, age ten, bring suit through their mother, Mrs. Essie M. Hooten, as their next friend against Wm. C. Hooten, and allege that Mrs. Essie M. Hooten and Wm. C. Hooten were married and lived together as man and wife for a number of years; that the two

named children were the issue of such marriage. Later Mrs. Essie M. Hooten and Wm. C. Hooten separated and were totally divorced from each other at a time when the children were mere babies. They have now arrived at an age where it is expensive to maintain and keep them in school. The defendant has not contributed anything towards their support since December, 1927, and "he stated at that time that he was not going to pay them anything else." Up to that time Mrs. Essie M. Hooten maintained a home for the children, and since Wm. C. Hooten has ceased contributing to their support she has had to break up her home and do the best she could in supporting and educating her children. She has been forced to send both of them to the State of Alabama, where her sister is, in order to board them with her sister and let them go to school. She is boarding them there on the strength of her credit. She could not maintain such arrangements here. Petitioner alleges that she is entitled to at least $100 per month for the support and maintenance of these two minor children, and is asking for this amount out of the defendant's earnings. It is alleged that the defendant is now earning not less than $200 per month and has a good steady job. The prayer is that plaintiffs may be allowed judgment for an amount that the court may think proper for the support of these children temporarily, and also allow the sum of $100 per month as a permanent support for them on the final hearing of the case, and that the defendant be required to pay a reasonable attorney's fee, etc. The defendant answered and demurred. The answer was by way of cross-action, and *prayed that the court award to him his two daughters* and that the prayers of Mrs. Essie M. Hooten be denied. The demurrer was as follows: "1. Defendant demurs to plaintiff's petition generally, and says that said petition is not authorized by law, and that same is without authority of law to support it. 2. Defendant . . says that there is no provision made by law or in equity authorizing or sanctioning said petition, and said petition can not be the basis of an action either of law or equity. 3. Defendant . . says that this petition does not set forth any cause of action against this defendant. 4. Defendant further demurs generally to plaintiff's petition, for the reason that a child or children can not sue their father for support by themselves or by next friend, where there is a total divorce between the father and mother of the children. 5,

Defendant further demurs . . for the reason that it appears that Mrs. Essie M. Hooten, the divorced wife of defendant, is suing for any [a] sum named therein for herself for the support of the children named therein, which she has no right to do." The court passed the following order: "Upon hearing, this demurrer is sustained and case dismissed, unless petition amended in ten days." To this order of the court the plaintiff excepted.

The record in this case is unsatisfactory. For instance, the petition does not allege whether or not provision was made in the verdict and decree in the divorce suit for the support and maintenance of the minor children of the husband and wife, who obtained a total divorce from each other; nor does the demurrer contain any special grounds of objection to the plaintiff's petition, the substance of which is set out in the foregoing statement of facts; nor does the order of the judge sustaining the demurrer to the petition, unless an amendment is filed within ten days, throw any light upon the question as to what the judge ruled the amendment should contain. Therefore we are entirely in the dark upon what ground the court sustained the demurrer conditionally. While much is said in the brief of the defendant as to what transpired at the time the divorce was procured, and subsequently, there is nothing in the record to sustain these statements. All that this court can consider is the petition and the demurrer filed thereto; and as there is no special demurrer filed to the petition, I am of the opinion that as against a general demurrer it sets out a cause of action. The petition, which was filed in the name of the minor children by their mother as next friend, alleges that the children are without means of support, and that the father, who earns $200 per month, refuses to support them. The demurrer necessarily admits this allegation. Under the law a father is bound to provide for the support and maintenance, protection, and education of his children until majority. Civil Code (1910), § 3020. Inasmuch as the petition alleges that the father has not done this, and there is nothing in the record to show the contrary, I am of the opinion that the demurrer should not have been sustained. See *Waller* v. *Waller*, 163 *Ga.* 377 (136 S. E. 149); *Edmondson* v. *Edmondson*, 128 *Ga.* 53 (2) (57 S. E. 308); *Hall* v. *Hall*, 141 *Ga.* 361 (2 *a*), supra.

In *Brown* v. *Brown*, 132 *Ga.* 712 (64 S. E. 1092, 131 Am. St.

R. 229), it was held that "where the wife, on account of the misconduct of the husband, obtains a decree granting her a divorce and awarding to her the custody of their minor child, and no question as to the support of such child by the father has been made or passed on, the father is not relieved of his legal obligation for a proper support of the child. If he fails or refuses to discharge this obligation, the mother, in an original action, may recover of the father the amount of expenditures made by her after such decree for a proper support of such child." In that case a total divorce had been granted the wife from her husband, and by the terms of the decree the custody and control of the child were awarded to the wife. The question of alimony was not involved or passed upon in the divorce suit, and the plaintiff did not insist upon any judgment therefor. It appeared that the mother had managed to support the child from the income from her property by encroaching on the corpus thereof and with the proceeds of her labor. The plaintiff insisted that the defendant "reimburse her for what she has paid out since the separation [in support of the child], the sum amounting approximately to $1200," and she alleged that the defendant was able to do so. The plaintiff also filed an amendment alleging that she had expended, since the divorce was granted, the sum of $1200 for the board and support of their child, the same being expended for necessaries; that the necessaries were not furnished by her husband, and she was compelled to furnish them in order to maintain their said child; that the expenses had been an average of $20 per month "including board, clothing, tuition, medical attention, and other necessaries; that while at the beginning the expenses was possibly less, it has grown with his age." The defendant filed a general demurrer on the ground that no cause of action was set forth, and also a special demurrer on the ground that "plaintiff fails to specify what article was furnished by her." The demurrer was overruled by the lower court, and a verdict was rendered for the plaintiff for $480. A motion for new trial was overruled, and the defendant excepted. This court reversed the judgment, on the ground that the petition was subject to special demurrer, in that it did not set forth with sufficient particularity the expenses incurred by the plaintiff in the support of the child.

In rendering the decision of the court Mr. Justice Holden,

among other things, said: "A divorce between the husband and wife does not bar the children from being heirs of the deceased father, nor is there anything in our statute relieving such father from his legal obligation to support his children simply because there has been a divorce granted to his wife. Civil Code, § 2452, gives the court, in divorce proceedings, the right to award the custody of the children to the parent not in default; but under this section the court may award the custody to persons other than parents, or to 'guardians appointed by the ordinary.' The father is primarily entitled to the custody of his children; but if his conduct has been such as not to entitle him to their custody and to cause their custody to be awarded to some other person in divorce proceedings, this award of the custody to another, by reason of misconduct on the part of the father, of itself does not relieve him of his legal obligation to support his children. The fact that the custody of the children has been awarded to the mother does not change this rule. The fact that her former relation was that of wife to the father of the children could not relieve such father of his legal obligations to his children. Civil Code, § 2462, is as follows: 'If the jury, on the second or final verdict, find in favor of the wife, they shall also, in providing permanent alimony for her, specify what amount the minor children shall be entitled to for their permanent support; and in what manner, how often, and to whom, and until when, it shall be paid; and this they may also do, if, from any legal cause, the wife may not be entitled to permanent alimony, and the said children are not in the same category; and when such support shall be thus granted, the husband shall likewise not be liable to third persons for necessaries furnished the children embraced in said verdict who shall be therein specified.' The only instance in which it is provided in this section that the father is relieved of liability to third persons for necessaries furnished to his child is, 'when such support shall be thus granted,' meaning when support is provided for the children in the verdict and decree in the divorce proceedings. Civil Code, § 2469, provides: 'Until such provision is made, voluntarily or by decree or order of the court, the husband shall be liable to third persons for the board and support of the wife, and for all necessaries furnished to her, or for the benefit of his children in her custody.' Where, because of the misconduct of the husband, a

divorce is granted to the wife and the custody of the children awarded to her, and no support by way of alimony is provided for the children in the divorce proceeding, we know of no law relieving the father of his legal obligation to support the children, or of his liability for necessaries furnished them by third persons. The wife stands as such third person, and can recover from the father for the proper support furnished his children by her after divorce proceedings, even though the custody of the children was awarded to her. The legal obligation of the father to support his children, and his liability to third persons for proper support furnished the children, exists after as well as before a decree of divorce granted the wife because of the misconduct of the husband, where no support for the children is provided for in the divorce proceedings; and where, in such proceedings, the custody of the children is awarded to the mother and she furnishes proper support to the children, she can recover from the father, on account of expenditures made by her, an amount to be determined under all the facts and circumstances in the case."

Where, in a case like the present, it is alleged that the mother is unable to provide the necessaries for their children and she has to send them away from her home and her own State in order to board them with a sister, I do not see why the same rule would not apply and hold the father responsible for the necessaries of his children, where no provision has been made for their support or education in the divorce proceedings or otherwise, just the same as in a case where those necessaries have been furnished by a third person. The purpose of the law is to see that the children are supported and educated by the father of his children, who is able to do so, but who, according to the allegations of the petition in the present case, declines and refuses to do so. We are aware, as the learned Justice in the *Brown* case points out, that there is much conflict in the authorities on this question in outside jurisdictions, and that some courts hold that the father is not liable to the mother for expenditures made by her in support of the children under such circumstances. He goes on to say: "A majority of the authorities, however, seem to be in accord with the view which we entertain and have hereinabove expressed, to the effect that the father is liable. One of the reasons given in the authorities holding the contrary view why the father is not liable is that support and service are

reciprocal duties, and that the father can not be liable for the support of his children when he loses their service by reason of their being awarded to the mother. We do not think, however, this argument is sound, because the services of the children are lost to the father by reason of his wrongful act, if the divorce is granted because of his misconduct, and the court only acts to protect them in taking them from him and awarding them to the mother; and it would not be proper to allow the father to be relieved of liability for necessary support furnished his children because of his own wrongful conduct." After quoting from 14 Cyc. 812, where it is said: "At common law the father remains primarily liable for the support of the children of the marriage as well after as before a divorce," Mr. Justice Holden adds: "We know of no statute in this State changing this common-law rule." And he cites a number of authorities in support of his position. See 9 R. C. L. § 296, for a discussion of this subject. While the petition in the present case might be subject to a special demurrer because it did not set forth with sufficient particularity the necessary expenditures for the support and education of her children, it is sufficient to say that no special demurrer was filed, and as against a general demurrer I think the petition set out a cause of action, and that the trial court erred in sustaining the general demurrer and in dismissing the case.

It can not be held that this was a suit brought by the wife to recover *alimony* for the support of the minor children. The petition alleges in terms that it is a suit brought in the name of the minor children by the mother, for the support of the minor children, the father refusing to support them; and I construe this language to mean that no provision has been made by the verdict and decree in the divorce suit for their support. Nor is this a case where the wife is suing the father for necessaries she has furnished the minor children. This case is distinguishable from the case of *Sikes* v. *Sikes*, 158 *Ga.* 406 (supra), and similar cases, relied on by the majority of the court as controlling. That was a suit brought to recover *alimony* for the children. This is a suit under Civil Code (1910), § 3020, to require a father to support his minor children, where it is alleged he is able to do so, but refuses. Of course a suit for alimony could not be brought by or for the children, as held in the *Sikes* case; but this is not such a suit, and practically

all the cases cited by the majority are where suit was brought to recover alimony. It is also held by the majority that the mother in the circumstances of the present case could, in an original action, recover of the father the amount of necessary expenditures made by her for the children. But how can the mother, in the circumstances of the present case, make expenditures, when it is alleged that she has nothing with which to make such expenditures? She even had to send the children out of the State and place them with her sister in another State in order that they might have a present support. That arrangement must necessarily be temporary. So these helpless children must suffer for food and clothing, where the mother alleges that she has no means of supplying their necessities, and where it is alleged that the father has a good salary and refuses to furnish even the necessaries of life to his own offspring. Is there no law to compel him to do so? The Civil Code (1910), § 3020, provides that a father shall support his minor children; and yet here is a case where he fails and refuses to do so, and the children are turned away with the suggestion that the father can not be made to support them in a case brought by them, through their mother as next friend. Here is a case where minor children have a father abundantly able to supply them with food and clothing, and they come into a court of competent jurisdiction and pray for bread and get a stone. In the opinion of the writer such is not the effect of the law of this State. The suggestion contained in the majority opinion that the present suit is for the benefit of the wife alone, and not for the children, is untenable, under the allegations of the petition. Besides, if they are permitted to recover from the father under the code section above cited, that recovery could be so safeguarded by the order of the court that the children alone would receive the benefit of the recovery and not the mother. To the writer it is inconceivable that in a case like the present, where suit is brought against a father abundantly able to provide food and clothing for his helpless minor children, the courts of Georgia are utterly powerless to require him to furnish such support, to say nothing of an education, which the children should and ought to receive at his hands. And it can not be said, under the allegations of the present petition, that the mother is seeking a recovery from the father for the purpose of educating the children in another State. The children are in another State, not from choice but from

necessity, and temporarily, and it is naturally to be inferred that if the father is made to support them, they would prefer to be supported and educated in their native State where both the mother and father reside. For these and other reasons which might be given, I can not concur in the judgment of the majority in dismissing the petition in the instant case. Presiding Justice Beck concurs in this dissent.