## WATSON *v.* WATSON.

*Oliver & Oliver* and *A. L. Purvis,* for plaintiff in error.

*Ernest J. Haar,* contra.

HILL, J.   Georgia Townsend Watson brought suit against Henry E. Watson, praying for temporary and permanent alimony for the support of her children, the issue of the marriage between them, and for attorney's fees.   She alleges that on August 10, 1927, a decree was signed, granting a total divorce to her; that the issue of the marriage, three children aged respectively ten, nine, and five years, are in the custody and possession of the plaintiff; that the defendant is an able-bodied, healthy man, fifty-one years of age, earning $350 per month; that plaintiff has no property of her own, and no means of supporting the children except by her own labor; that plaintiff and defendant are now living apart and in a bona fide state of separation; that "plaintiff brings this petition asking for alimony against the defendant for the support of said children, in a reasonable sum per month, for their support and maintenance until their majority, or until they become of sufficient age to ·become self-supporting; and also a reasonable sum as attorney's fees for counsel for filing and prosecuting this suit.   The defendant filed a demurrer on the ground that the petition shows upon its face that it is a petition for alimony for minor children after the bonds of matrimony have been severed by a proper decree of court.   The court overruled the demurrer, and the defendant excpted.   After hearing evidence submitted by the plaintiff, the court awarded to her $50 per month as temporary alimony for the support and maintenance of the minor children.   To this order also the plaintiff in error excepted.

In the view we take of this case the court erred in overruling the demurrer, and all that happened subsequently was nugatory.   The case is controlled by the principle ruled in *Hall* v. *Hall,* 141 *Ga.* 361 (80 S. E. 992), where this court held:  "1.   After a wife has obtained a decree of total divorce the matrimonial relation no longer exists, and therefore she can not then obtain an order or judgment requiring her former husband to pay alimony. *Joiner*

575

v. *Joiner*, 131 *Ga.* 216 (3) 225, (62 S. E. 182), 18 L. R. A. (N. S.) 647, 127 Am. St. R. 220). 2. Nor can she in her own name, and in behalf of their minor child, obtain an order or judgment requiring her former husband to pay to her alimony, or an allowance in the nature of alimony, in order that she may support the child, whose custody has been awarded to her in the decree of divorce. (*a*) Where a wife obtains a decree of divorce against her husband, in which the custody of their minor child, on account of the husband's misconduct, is awarded to her, but no question as to the support of the child is determined by the decree, or provision therefor made by it or by contract, the father is not relieved from his legal obligation for the support of the child. If he fail or refuse to discharge such obligation, the mother in an original action may recover of the father the amount of the expenditures made by her, after such decree, for the proper support of the child." The defendant in error relies upon the case of *Jones* v. *Jones*, 141 *Ga.* 523 (81 S. E. 441) ; but from a reading of that case it is manifestly different in its facts from the case at bar, and is therefore not controlling. We are therefore of the opinion that the learned trial judge erred in overruling the demurrer to the petition.

*Judgment reversed. All the Justices concur.*