PACE *v.* BERGQUIST.

No. 8263. JULY 18, 1931.

*Ben C. Williford,* for plaintiff in error.
*Neufville & Neufville,* contra.

HINES, J. On November 24, 1923, Mrs. Lois Ida Pace (now Bergquist) filed her libel for divorce against her then husband, Harris Milton Pace. In her libel she prayed for temporary and permanent alimony. On December 13, 1923, the judge passed an order providing, "that, until the further order of the court, the plaintiff shall be paid by the defendant hereto the sum of thirty ($30) dollars per month for the support of their minor child, Harris Milton Pace Jr., said payments to be made on the first day of each month, beginning January 1, 1924." By the same order the judge awarded fees to the attorneys for the wife, and to the wife the custody of their minor child, with permission to the father to see the child from time to time, and, upon giving the wife notice the Friday before, to take the child to his home, and keep him any Saturday from 10 a. m. to 5 p. m. The attorneys for both parties signed and attached their consent to this order. The first verdict for divorce was rendered on June 4, 1924. The second and final verdict and decree for divorce were rendered on

September 28, 1924. The final verdict and decree did not provide for alimony for either the child or the wife. Up to December, 1925, the father had paid, under said order, only $70 for the support of the child. On that day the mother instituted a proceeding to attach the father for contempt for failure to comply with the above order. On January 16, 1926, the court, after a hearing, ordered the father to begin payments, on February 1, 1926, of the alimony fixed by the above order. The father complied with this order until March 1, 1928. In April, 1928, the mother again instituted proceedings to attach the father for contempt in failing to make the payments for the support of the child under the original order. On July 18, 1928, the judge passed another order requiring the father to pay to the mother, for the support of their child, $32.50 per month until he had caught up with the arrearages in the payment of the alimony under the original order. On June 1, 1930, the father stopped paying the amounts which he was ordered to pay under the last order. Thereupon the mother filed her petition in which she sought to attach him for contempt for failure to comply with the last order. To this petition the husband demurred upon the grounds that (a) it sets forth no cause of action; (b) it does not allege any final judgment based on a verdict awarding alimony for the child; (c) there is not contained or attached to the petition a copy of said order, or other order alleged to have been violated; (d) it does not show that the jury awarded anything for the use of the child; and (e) it does not show that there was a final verdict or a final decree awarding alimony for the support of the child. The father filed special demurrers on various grounds. The mother amended her petition by attaching thereto the original order awarding alimony for the child. To the petition as amended the father renewed his demurrers. The judge overruled the demurrers, and adjudged the father in contempt. These rulings are excepted to as contrary to law and without evidence to support them.

1. The effect of the judgment granting temporary alimony to the mother for the child, in stated monthly payments "until further order of the court," when construed in connection with Civil Code (1910) § 2978, was that the payments should continue, under the supervisory power of the court to modify or revoke the same, until final judgment, when the payments would cease

altogether by operation of law. *Holleman* v. *Holleman,* 69 *Ga.* 676; *Osborne* v. *Osborne,* 146 *Ga.* 344 (91 S. E. 61); *Black* v. *Black,* 150 *Ga.* 672 (104 S. E. 775). The fact that the judgment was rendered by consent did not extend the force and effect of the judgment beyond the final verdict and decree in the divorce case. Such judgment contemplates alimony pending the cause. *Higgs* v. *Higgs,* 144 *Ga.* 20 (85 S. E. 1041).

2. After the wife obtained the decree of total divorce, the matrimonial relation no longer existed, and she could not thereafter obtain an order or judgment requiring her former husband to pay to her alimony, or an allowance in the nature of alimony, in order that she might support their minor child, whose custody had been awarded to her under the above order or judgment granting temporary alimony for the support of the child. *Hall* v. *Hall,* 141 *Ga.* 361 (80 S. E. 992); *Watson* v. *Watson,* 168 *Ga.* 573 (148 S. E. 386). In *Jones* v. *Jones,* 141 *Ga.* 523 (81 S. E. 441), a total divorce had not been granted. In *Coffee* v. *Coffee,* 101 *Ga.* 787 (28 S. E. 977), the decree, which was rendered pending the libel for divorce, was in full settlement of both temporary and permanent alimony, and was approved by the court in which the cause was pending after the grant of the divorce. In *Driver* v. *Wood,* 114 *Ga.* 296 (40 S. E. 257), the question which we have under consideration was not involved. In that case the application for alimony was not based upon a pending divorce suit, but upon the statute which allows the wife to sue for alimony when she and her husband are living in a bona fide state of separation.

3. Where the wife, on account of the misconduct of the husband, obtains an order granting her temporary alimony for the support of their minor child and awarding her the custody of such child, and afterwards obtains a verdict and decree granting to her a total divorce, without any provision requiring the father to pay permanent alimony for the support of the child, the father is not relieved of his legal obligation for the proper support of their child; and if he fails or refuses to discharge this obligation, the mother in an original action may recover of the father the amount of expenditures made by her after such decree for the proper support of their child. *Brown* v. *Brown,* 132 *Ga.* 712 (64 S. E. 1092, 131 Am. St. R. 229); *Hall* v. *Hall,* supra; *Hooten* v. *Hooten,* 168 *Ga.* 86 (147 S. E. 373).

4. The orders passed after the rendition of the final decree, adjudging the father in contempt for failure to pay the temporary alimony awarded by the order of December 13, 1923, did not have the effect of continuing in force the original order of December 13, 1923, for the reason that the court was without jurisdiction of the subject-matter when the subsequent orders were passed.

5. Applying the above ruling, the trial judge erred in overruling the demurrer to the petition, and in adjudging the father in contempt. *Judgment reversed. All the Justices concur.*

ATKINSON, J., concurs in the judgment of reversal. The question ruled upon in the third division was not involved in the case, and that ruling should not have been made.