## HANSBERGER *v.* HANSBERGER.

No. 11173.  MAY 15, 1936.

*George & John L. Westmoreland,* for plaintiff.
*Charles G. Bruce,* for defendant.

BECK, Presiding Justice. This suit was brought by a minor daughter, by her mother as next friend, against the minor's father for maintenance, support, and education. In the petition it is alleged that plaintiff's parents are divorced; that in the divorce suit, which was brought by the father against the plaintiff's mother, the father alleged that he had been and was paying twenty-five dollars a week for the maintenance, education, and support of this plaintiff,

his daughter. In the present suit it is alleged that the defendant is not supporting the plaintiff, who is now living with her mother; that no provision was made by order of court for this plaintiff in the divorce suit, and she is without means of support; that the defendant is earning $160 per month; and the sum of $75 per month is necessary for plaintiff's support, maintenance, and education. She prays "that a rule nisi issue, requiring the defendant to show cause on a day certain, if any he has, why the plaintiff should not be furnished support by him; and prays that the defendant be required to pay to the plaintiff a sum sufficient to maintain, support, and educate her," etc. The defendant filed his demurrer on the grounds that the petition sets forth no cause of action; that there is no provision of law or equity authorizing it; that it is a suit by a divorced woman against her former husband, to recover alimony, or to recover monthly installments of money, in the nature of alimony, for which there is no provision in the law of this State. The court sustained the demurrer and dismissed the petition. Afterward the court set aside the order of dismissal, and allowed the plaintiff to amend her petition, subject to demurrer. By amendment the petitioner struck the allegation that the defendant and her mother were divorced, and attacked the divorce proceeding on the ground of collusion between the parties. She alleged that in the divorce suit the mother filed no cross-action, and there was no provision in that case as to the custody of this plaintiff or for her support. She renewed her prayer for maintenance and support. The demurrer was renewed. The court sustained it, and the plaintiff excepted.

■ In the divorce suit the father alleged that he was paying twenty-five dollars a week for the education, maintenance, and support of the minor daughter. It is provided in the Code of 1933 that the judge in suits for divorce may decree a sum sufficient for the support of the family of a husband, dependent upon him, and who have a legal claim upon his support, as well as for the support of his wife, etc. § 30-206. Also, that the jury on final verdict for divorce shall provide a sufficient sum for the maintenance of the children, and the husband shall not be liable to third persons for necessaries furnished the children embraced in the verdict. § 30-207. There is no provision at law for bringing a suit like the present; for in its very essence it is in the nature of

a suit for alimony, and a minor child can not bring such suit against the father. *Sikes* v. *Sikes,* 158 *Ga.* 406 (123 S. E. 694). Neither can a suit in equity be maintained by a next friend of the minor against the father for maintenance, education, and support of the minor. *Hooten* v. *Hooten,* 168 *Ga.* 86 (147 S. E. 375). This case is similar to the *Hooten* case, brought in the same way and for the same purposes. There this court held, two Justices dissenting: "We think the court properly sustained the demurrer for another reason. In our opinion the present suit is in effect one by the divorced wife to compel the father to pay an allowance which will go to her for the support and education of their children. It is true that the nominal plaintiffs, who sue by their mother as next friend, are these children. The petition alleges that they are of the ages of 13 and 10 years respectively. Due to their tender years they were probably not consulted about the bringing of this suit, and if they had been consulted, were incapable of any direction about the institution of this proceeding. . . In these circumstances it is fairly inferable that this suit was instituted by the mother for her own benefit, in order to compel the father to make an allowance, in the nature of alimony, which will go to her as compensation for expenses incurred. In *Joyner* v. *Joyner,* 131 *Ga.* 217, 225 (62 S. E. 182, 18 L. R. A. (N. S.) 647, 127 Am. St. R. 220), this court held that 'alimony will not be allowed to the wife on a separate proceeding, after a total divorce has been granted at the instance of the husband.' In that case the wife was seeking alimony in her own behalf alone. In *Hall* v. *Hall,* 141 *Ga.* 361 (80 S. E. 992), this court again approved the principle announced in *Joyner* v. *Joyner,* and further ruled that the wife can not in her own name, in behalf of their minor children, obtain an order or judgment requiring her former husband to pay her alimony, or an allowance in the nature of alimony, in order that she may support their children, whose custody has been awarded to her in the decree of divorce. These decisions would be vain and without effect if the divorced wife were permitted to bring suit in the name of minor children, who are of such tender age as to be unable to give direction or to be consulted about the institution of the proceeding, for the purpose of compelling the father to pay monthly installments of money, in the nature of alimony, which would go to the divorced wife in extinguishment of expenses paid

or obligations incurred in supporting the minor children of the husband. . . We see no valid reason why, if a child can not sue in its own name its father for support in the nature of alimony, and can not do so by some relative or other person as next friend, it can institute such suit against the father by its mother, who has been divorced from the father, as its next friend. So we are of the opinion that this suit was not maintainable under the decisions above cited." As stated above, there is no difference in the *Hooten* case and the present case.

■ By amendment to the petition the verdicts and decree rendered in the suit by the husband for a divorce from his wife were attacked as void, "for the reason that the said verdicts and decree were illegally obtained, in that the plaintiff and the defendant in that case entered into a collusion to obtain a divorce and agreed to obtain a divorce, which conduct on their part was illegal and contrary to the laws of the State of Georgia, and rendered the said divorce verdicts and decree void." The divorce verdicts and decree were further attacked as void for the reason that they were obtained by fraud, "in that this plaintiff was informed by the defendant in this suit, . . and by his attorney, that he was making provision for the support of this plaintiff by him, and that it was not necessary for this plaintiff to be represented in said proceeding, because the attorney for the defendant herein . . would look after the interests of this plaintiff in said suit and see that she was protected, and further stated that he would see that the necessary orders were taken in said case to protect this plaintiff," which promises were relied upon by the plaintiff. It will be seen that this is a collateral attack upon a judgment rendered in another case in which the plaintiff, the minor, had no interest; and further, one of the parties in the divorce proceeding, the mother, is not a party to this suit, save as next friend for the minor. The court did not err in sustaining the demurrer.

*Judgment affirmed. All the Justices concur.*