ROZETTA *v.* BANKS.

HUTCHESON, Justice. 1. There is no provision in the laws of this State whereby a divorced wife in her own name, and in behalf of their minor child, may obtain an order or judgment requiring her former husband to pay to her alimony, or an allowance in the nature of alimony, in order that she may support the child, whose custody has been awarded her in the decree of divorce. *Hall* v. *Hall,* 141 *Ga.* 361 (80 S. E. 992);

*Hansberger* v. *Hansberger*, 182 *Ga.* 495 (185 S. E. 810); *Hooten* v. *Hooten*, 168 *Ga.* 86 (147 S. E. 375); *Joyner* v. *Joyner*, 131 *Ga.* 217, 225 (62 S. E. 182, 18 L. R. A. (N. S.) 647, 127 Am. St. R. 220); *Pace* v. *Bergquist*, 173 *Ga.* 112 (159 S. E. 678).

2. Where from the allegations of a petition (which properly construed seeks to obtain an order or judgment requiring the defendant to pay to the petitioner alimony, or an allowance in the nature of alimony, in order that petitioner may support a minor child of the parties) it appears that the petitioner has obtained a divorce and a judgment for the maintenance and support of such child, whose custody has been awarded to her, all in the court of a sister State, the courts of this State are without jurisdiction of the subject-matter, and a judgment or decree rendered pursuant thereto is nugatory.

3. Where the parties in such proceeding enter into agreement that a certain sum shall be paid by the defendant to the petitioner for the maintenance and support of the minor child, and that it is in full settlement of the award made in the sister State, and that the agreement, upon the approval of the court, "is to take the place of any and all claims and demands for alimony or otherwise" awarded to the petitioner and the minor child by the court of the sister State, and that "the awards and judgments both for petitioner and for said minor child granted in said Ohio courts is to be canceled and satisfied in full," upon which agreement a judgment is entered by the court ordering the payments to be made as specified therein, such judgment and decree is not one making the judgment of the sister State the judgment of this court, but is merely a judgment granting the prayers of the petition based upon an agreement made pursuant thereto. The case of *Roberts* v. *Roberts*, 174 *Ga.* 645 (163 S. E. 745), is clearly distinguishable on its facts from the case sub judice. Whether the judgment is good as a common-law judgment based upon the agreement it is not necessary to decide.

4. The judgment and decree being nugatory, in so far as it is effective as a decree ordering the defendant to make payments for the maintenance and support of the minor child within the purview of the Code, §§ 30-206, 30-207, 30-208, the defendant can not be held in contempt of court for failure to pay on the decree or any modification thereof. The judge erred in not so holding.

*Judgment reversed. All the Justices concur.*

No. 11563. January 13, 1937.

*Linton S. James* and *Clifford M. James,* for plaintiff in error. *Etheridge, Belser, Etheridge & Etheridge,* contra.