### ALLEN v. BAKER.

REID, Chief Justice. 1. "The judgment of a court having no jurisdiction of the person or subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." Code, § 110-709. Accordingly, while the power to enforce a decree for alimony by attachment for contempt by the judges of the superior courts of this State is adequate (Code, § 30-204; *Van Dyke* v. *Van Dyke*, 125 *Ga.* 491, 54 S. E. 537; *Gorman* v. *Gorman*, 147 *Ga.* 433; *Woodall* v. *Woodall*, 147 *Ga.* 676, 94 S. E. 555), yet, if in such a proceeding it appears that the judgment awarding alimony is void for any reason, under the above section the husband is privileged to collaterally attack it, and in such case the court has no power to punish him for contempt. *John Hancock Mutual Life Insurance Co.* v. *Baskin*, 179 *Ga.* 86 (175 S. E. 251); *Holbrook* v. *James H. Prichard Motor Co.*, 27 *Ga. App.* 480 (109 S. E. 164); *Campbell* v. *Gormley*, 185 *Ga.* 65 (194 S. E. 177).

2. A judgment of a court without jurisdiction of the subject-matter or of the parties, or which is otherwise beyond the power and authority of the court to render in the particular case, is void. In this State a judge of the superior court has no power to grant a judgment awarding alimony, where at the time of the institution of suit therefor the relationship of husband and wife does not exist between the parties, by reason of the marriage being void ab initio or by reason of a total divorce theretofore granted between the parties. *Hall* v. *Hall*, 141 *Ga.* 361 (80 S. E. 992); *Joyner* v. *Joyner*, 131 *Ga.* 217, 225 (62 S. E. 182, 18 L. R. A. (N. S.) 647, 137 Am. St. R. 220); *Hooten* v. *Hooten*, 168 *Ga.* 86 (147 S. E. 373); *Hansberger* v. *Hansberger*, 182 *Ga.* 495 (185 S. E. 810); *Morgan* v. *Morgan*, 148 *Ga.* 625 (97 S. E. 675, 4 A. L. R. 925); *Pace* v. *Bergquist*, 173 *Ga.* 112 (159 S. E. 678).

3. Where, as in the present case, the wife obtained a total divorce from her husband in a court of competent jurisdiction, wherein the husband was personally served, and no provision was made therein for alimony for her personal use or for the support of their minor child, the custody of whom was awarded to the wife, she can not thereafter prosecute an action in the same or any other court in this State, in her own name and in behalf of the minor child, seeking to recover a judgment requiring her former husband to pay her alimony, or an allowance in the nature of alimony, in order that she may support the child; and any judgment, whether entered by agreement of the parties or otherwise in a suit so brought by the wife, was beyond the power and jurisdiction of the court to render, and was void. *Rozette* v. *Banks*, 183 *Ga.* 701 (189 S. E. 513); *Hamilton* v. *Bell*, 161 *Ga.* 739 (132 S. E. 83). It follows that in such case the husband can not be cited for contempt for failure to make payments in accordance with the terms of the judgment, and that the judge did not err in dismissing on demurrer a petition of the wife for such purpose. We are not here dealing with an action upon the judgment, or with a separate action to compel the husband to support his child on account of his liability therefor.

4. In view of the foregoing rulings it is unnecessary to deal with the question as to the power of the superior court of the county where the judgment was obtained to attach the defendant, now a resident of another county in this State.

*Judgment affirmed. All the Justices concur.*

No. 12939. SEPTEMBER 15, 1939.

*Dotson & Dotson,* for plaintiff.

*Y. C. Mitchell* and *Bryan, Middlebrooks & Carter,* for defendant.