CHERRY *v.* CHERRY.

</div>

DUCKWORTH, Chief Justice. 1. The decision of this court on the previous appearance of this case (*Cherry* v. *Cherry*, 208 *Ga.* 213, 65 S. E. 2d, 805), held that the divorce procured by the husband in the Texas court constituted a legal bar to the wife's recovery in this action for a divorce and alimony for herself. What was ruled as to the wife, in view of the Texas law put in evidence in this case, which made the plea of aliter lis pendens filed by the wife in the Texas court a general appearance, applies equally to the claim of the minors for alimony. *Hall* v. *Hall*, 141 *Ga.* 361 (80 S. E. 992).

2. Counsel for the wife cite Williams *v.* North Carolina, 325 U. S. 226 (65 Sup. Ct. 1092, 89 L. ed. 1577, 157 A. L. R. 1366) and contend that it is authority for the Georgia courts to find that the wife made no general appearance in the Texas case, notwithstanding the Texas law which says that she did. The decision relied upon simply held that a finding by the Nevada court, that domicile, as defined by Nevada had been established, did not prevent the North Carolina courts from adjudicating the facts and from rendering judgment as to whether or not domicile had been established. It did not rule that North Carolina could, under the Constitution, disregard the Nevada law defining domicile.

3. All alimony having been barred by the Texas decree, and attorney's fees being alimony, it was error to award the attorney's fees here complained of. *Harrison* v. *Harrison*, 208 *Ga.* 70 (65 S. E. 2d, 173); *Allen* v. *Baker*, 188 *Ga.* 696 (4 S. E. 2d, 642).

<div align="center">

*Judgment reversed. All the Justices concur.*

</div>

No. 17714. ARGUED JANUARY 17, 1952—DECIDED FEBRUARY 12, 1952.

*Durwood T. Pye,* for plaintiff in error.
*Lucile.I. Milam, Alton T. Milam* and *John W. Ellis,* contra.