## 23395.   STRANGE v. STRANGE.

ARGUED MARCH 15, 1966—DECIDED APRIL 7, 1966.

*Christopher & Futral, Claude Christopher,* for appellant.

*Arthur K. Bolton, Attorney General, George J. Hearn, III, Marshall R. Sims, Assistant Attorneys General,* for party at interest not party to record.

ALMAND, Justice.   The appellant challenges the constitutionality of the Uniform Reciprocal Enforcement of Support Act of Georgia (Ga. L. 1958, p. 34) on the ground that it violates Art. VI, Sec. XVI, Par. I of the Constitution of Georgia (*Code Ann.* § 2-5101) which provides in part that trial by "jury   .   .   . shall remain inviolate" in that said Act does not provide for a jury trial.

The record discloses that the appellant, Bennett Strange, and the appellee, Sarah Strange, were divorced by a decree of Spalding Superior Court in 1964, whereby the three minor children were awarded to the mother, but no provision was made by the verdict and decree for their support by the father.   The mother and the three children moved to the State of Florida.   In March, 1965, the mother filed her petition in the Circuit Court of Polk County, Florida, in which she sought under the Florida Uniform Reciprocal Enforcement of Support Act to require the father, a resident of Spalding County, Georgia, to contribute a stated sum of money for the support of the children.

The Florida proceedings were duly transmitted to the Superior Court of Spalding County.   The judge of said court issued an order (as provided under the Georgia Act) requiring the father to show cause why the court should not pass an order "directing

defendant (the father) to support the plaintiff and his dependents." The father responded with his answer to the rule and demurred generally and specially. These demurrers were overruled. After a hearing, the court, without the intervention of a jury, entered a judgment directing the father to pay for the support of his three minor children to their mother the sum of $5.00 per week for each child until they or each one reaches the age of 18 years, marries or becomes self-supporting.

The father has appealed from these orders, and errors are enumerated on (a) the order overruling the general demurrer which attacked the constitutionality of the Georgia Uniform Reciprocal Enforcement of Support Act, and (b) the order of support.

■ The Georgia Uniform Reciprocal Enforcement of Support Act does not expressly provide the right of trial by jury as to support by the father of his minor children who are in the custody of their mother in another state. The appellant (the father) asserts that under Art. VI, Sec. XVI, Par. I (*Code Ann.* § 2-5101) he was entitled to a jury trial, and since the Act of 1958 does not provide for a jury trial or give to him the right to a trial by jury, the Act of 1958 is void.

Art. IV, Sec. III of the Georgia Constitution of 1789, provided that "Freedom of the press and trial by jury shall remain inviolate." The provision in the Constitution of 1945 as to the right of trial by jury is the same as it was in the Constitution of 1877, Art. VI, Sec. XVIII, Par. I (*Code* § 2-4501) which is that "the right of trial by jury, except where it is otherwise provided in this Constitution, shall remain inviolate." This court in construing this provision in the Constitution of 1877 in an unbroken line of decisions has held that in civil actions the right of a jury trial exists only in those cases where the right existed prior to the first Georgia Constitution, and the Constitution guarantees the continuance of this right unchanged as it existed at common law. *Metropolitan Cas. Ins. Co. v. Huhn*, 165 Ga. 667, 672 (142 SE 121). Where a jury trial was required in an action at common law it is now required by the law of Georgia, unless a change has been made by our Constitution. *Rodgers v. Price*, 105 Ga. 67, 69 (31 SE 126).

The appellant's contention that at common law, prior to the first Constitution of Georgia, there was a duty imposed upon the father of a minor child to support it either during coverture or subsequent to a divorce of the parents is correct (*Brown v. Brown*, 132 Ga. 712 (1) (64 SE 1092) ; 14 Cyc. 812; 2 Bishop's Marriage, Divorce & Separation, § 1223), but we have not found any English case at common law or statute prior to 1777 that granted to the mother, after a divorce from her husband, the right to institute an action against the father of the minor child, the issue of their marriage, to require him to contribute to their future support. Our *Code* recognizes this duty (§ 74-105), but not until the first Reciprocal Enforcement of Support Act (Ga. L. 1951, p. 107) did the legislature provide a remedy for the enforcement of this duty of the father in a case where the parents were divorced and the children were in the custody of their mother and no provision for their support was provided in the final decree.

The English authorities seem to be agreed that the mother or a third person could by action compel the father to pay for necessaries expended for the support of the minor children, but we have found no authority that any court at common law could compel the father, after a divorce of the parties, to contribute to their future support. See Stat. 43 Eliz. Ch. 2; 24 Am. Jur. 2d 940, Divorce & Separation, § 829. From the textbook writers it appears that the divorced mother's only remedy was to bring an action to recover from the father expenses she had incurred in support of the minor child or children. This common law right and remedy was recognized and approved in *Brown v. Brown*, 132 Ga. 712 (64 SE 1092). However in *Hall v. Hall*, 141 Ga. 361 (80 SE 992), this court in a full-bench decision held that where a wife obtains a decree of divorce and she is awarded the custody of the minor child, but the decree is silent as to support for the child and even though the father is not relieved of this obligation, the mother cannot in her own name or in behalf of the minor child obtain an order or judgment requiring her former husband to pay alimony or obtain an order in the nature of alimony for the father to support the child. This ruling has been followed in *Hooten v. Hooten*, 168 Ga. 86 (147 SE 373), *Watson*

*v. Watson,* 168 Ga. 573 (148 SE 386), *Allen v. Baker,* 188 Ga. 696 (3) (4 SE2d 642) and *Hansberger v. Hansberger,* 182 Ga. 495 (185 SE 810). In the last cited case, it was held that such action was not maintainable in equity. See in this connection 39 Am. Jur. 664, Parent & Child, § 45.

These prior decisions constitute a ruling that at the time they were decided, the divorced mother, under the factual situation of this case, could not bring a common law action against the father of the minor children. The Uniform Reciprocal Enforcement Act for the support of the dependent children and others is wholly of statutory origin and unknown to the common or statutory law of England prior to our first Constitution, and therefore, in a proceeding under this Act, the father of the minor children is not entitled to a jury trial as a constitutional right. The Act of 1958 is not unconstitutional for the reason argued.

■ Appellant's special demurrers based on the grounds that appellee's petition did not set out copies of the petition, the answer and the decree in the divorce proceeding between the parties in Spalding Superior Court were properly overruled.

■ The order of the court directing the appellant to pay to the appellee the sum of $15 per week for the support of his three children was not erroneous.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents.*